**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ARNOLD STEIN and DIANE MILLER, *individually and on behalf of all others similarly situated,*<br><br>Plaintiffs,<br>v.<br><br>EDWARD-ELMHURST HEALTH,<br><br>Defendant. | Case No. 23-cv-14515<br>Judge Steven C. Seeger |

**NOTICE OF SUPPLEMENTAL AUTHORITY**
**IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

On February 20, 2024, Plaintiffs filed a 104-page Amended Complaint against Defendant alleging detailed facts to support eight causes of action including a violation of the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. § 2510, *et seq*. *See* [Doc. 31].

In response, Defendant, on April 30, 2024, filed a Motion to Dismiss arguing that this Court should dismiss the ECPA claim because Plaintiffs' allegations that Edward-Elmhurst knowingly intercepted and disclosed their protected health information in violation of HIPAA does not satisfy the crime-tort exception to the ECPA. *See* [Doc. 43]. Specifically, Defendant argued that it did not act with a criminal or tortious purpose in surreptitiously collecting and disclosing its patients' protected health information because its ultimate goal, as Plaintiffs allege, was to benefit financially from the marketing analyses derived from these unlawful disclosures. *Id*. at 5-8. Financial motivation, according to Defendant, is not criminal or tortious and thus is insufficient to invoke the crime-tort exception to the ECPA.

On April 30, 2024, Judge Leinenweber in *Hartley v. University of Chicago Medical Center*, denied the motion to dismiss the ECPA claim in a virtually identical case. *See* 2024 No. 22 C 5891

(N.D. Ill. Apr. 30, 2024) (attached as **Exhibit A**). In doing so, Judge Leinenweber concluded that plaintiff adequately plead a violation of HIPAA based on the hospital defendant's disclosure of protected health information, which was accomplished using the same technology Plaintiffs allege that Edward-Elmhurst deployed on its Web Properties (the Meta Pixel). *See id.* at 3-5. The Court further held that the crime-tort exception was sufficiently pleaded because "it is plausible that Defendant could be responsible for acquiring Plaintiff's [protected health information] with the purpose of disclosing it to Meta for their mutual financial benefits." *Id.* at 4-5. Thus, financial motivation is sufficient to invoke the crime-tort exception of the ECPA when the underlying conduct violates HIPAA. The opinion in *Hartley* directly counters Defendant's arguments against the ECPA claim in this case and provides this Court with further grounds to deny Defendant's Motion to Dismiss this claim.

Date: May 6, 2024

Respectfully submitted,

By: */s/ Michael J. Casas*
**STEPHAN ZOURAS, LLC**
James B. Zouras
Ryan F. Stephan
Teresa M. Becvar
Michael Casas
222 W. Adams St, Suite 2020
Chicago, Illinois 60606
312.233.1550
312.233.1560 *f*
jzouras@stephanzouras.com
rstephan@stephanzouras.com
tbecvar@stephanzouras.com
mcasas@stephanzouras.com

**ALMEIDA LAW GROUP LLC**
David S. Almeida (ARDC 6285557)
Britany A. Kabakov (ARDC 6336126)
849 W. Webster Avenue
Chicago, Illinois 60614
(312) 576-3024

david@almeidalawgroup.com
britany@almeidalawgroup.com

*Attorneys for Plaintiffs & the Putative Class*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 6, 2024, he electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of Illinois by using the CM/ECF system, which sent notification of such filing to all CM/ECF participants.

*/s/ Michael J. Casas*