**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| ARNOLD STEIN and DIANE MILLER, *individually and on behalf of all others similarly situated*,<br><br>Plaintiffs,<br>v.<br><br>EDWARD-ELMHURST HEALTH,<br><br>Defendant. | Case No. 1:23-cv-14515<br><br>The Honorable Steven C. Seeger, Judge<br><br>**NOTICE OF SUPPLEMENTAL AUTHORITY** |

Defendant Edward-Elmhurst Health respectfully submits the decision in *American Hospital Association v. Becerra*, --- F. Supp. 3d ----, 2024 WL 3075865 (N.D. Tex. June 20, 2024), as supplemental authority in support of Edward-Elmhurst Rule 12(b)(6) motion to dismiss.

Edward-Elmhurst presents this authority to the Court because plaintiffs have made the Department of Health and Human Services' recent "tracking technologies" guidance a central theme of their amended complaint. (*See* Dkt. # 31, Am. Compl. ¶¶ 32-35, 54 n.16, 121, 188-200 ("***Federal Warning on Tracking Codes on Healthcare Websites***") (emphasis in original); *compare* Dkt. # 41, Opp. Br. at 2, 11, 17-18; Dkt. # 45, Not. of Supp. Auth. at 1-2 (all making arguments based on the guidance or Edward-Elmhurst's alleged HIPAA violations).)

In the *American Hospital Association* decision, the federal district court vacated the Department's tracking technologies guidance, at least in so far as applied to the "unauthenticated" portion of healthcare provider public websites. *See* Ex. A, *American Hospital Ass'n*, 2024 WL 3075865, at *13. The court held the guidance exceeded the scope of the Department's regulatory authority under HIPAA, as the transfer of an Internet protocol address in combination with

information regarding a search for a healthcare condition does not constitute "individually identifiable health information" under Congress's statutory definition for the term. *See id.* at n.7 (collecting cases). As the court concluded: "[T]he closest the Proscribed Combination gets to IIHI is a speculative inference extrapolated from (but unsubstantiated by) collected metadata"; thus also, "[b]ecause the Proscribed Combination facially exceeds HIPAA's unambiguous text, the Court need not consider the Parties' other arguments." *Id.* at *14.

A copy of the *American Hospital Association* decision is attached as Exhibit A.

Dated: June 26, 2024

Respectfully submitted,

/s/ *David Carney*

David A. Carney (*admitted pro hac vice*)
**BAKER & HOSTETLER LLP**
127 Public Square, Suite 2000
Cleveland, OH 44114
Telephone: (216) 861-7634
dcarney@bakerlaw.com

Bonnie Keane DelGobbo
**BAKER & HOSTETLER LLP**
One North Wacker Drive, Suite 4500
Chicago, IL 60606
Telephone: (312) 416-6200
bdelgobbo@bakerlaw.com

*Attorneys for defendant*
*Edward-Elmhurst Health*

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on June 26, 2024, a true and correct copy of the foregoing *Notice of Supplemental Authority* was served on counsel of record via the Court's electronic filing system.

*/s/ David Carney*
*One of the attorneys for defendant*
*Edward-Elmhurst Health*