**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

ARNOLD STEIN and DIANE MILLER, *individually and on behalf of all others similarly situated*,

Plaintiffs,

v.

EDWARD-ELMHURST HEALTH,

Defendant.

Case No. 1:23-cv-14515

Judge Steven C. Seeger

**PLAINTIFFS' RESPONSE TO DEFENDANT'S
NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs Arnold Stein and Diane Miller ("Plaintiffs") hereby respond to Defendant Edward-Elmhurst Health's ("Edward-Elmhurst" or "Defendant") Notice of Supplemental Authority (ECF No. 46).

1. On June 26, 2024, Defendant filed a Notice of Supplemental Authority presenting a recent decision from the United States District Court for the Northern District of Texas, *American Hospital Association v. Becerra*, No. 4:23-CV-01110-P, 2024 WL 3075865 (N.D. Tex. June 20, 2024) ("*AHA v. Becerra*") because, according to Defendant, "plaintiffs have made the Department of Health and Human Services' recent 'tracking technologies' guidance an important piece of their amended complaint." (ECF No. 46 at 1).

2. Edward-Elmhurst presents the *AHA v. Becerra* decision in order to create the misapprehension that (i) Plaintiffs' claims are based on the OCR Guidance, (ii) that such guidance has been vacated and (iii) therefore Defendant's motion to dismiss Plaintiffs' First Amended Complaint should be granted. (ECF No. 46 at 1-2). Defendant makes this argument despite the fact

that *AHA v. Becerra* governs only a discrete issue not germane to Plaintiffs' claims as not one of their claims is based on a violation of the OCR Guidance.

3. In *AHA v. Becerra*, Judge Pittman evaluated whether the Department of Health and Human Services ("HHS") exceeded its authority when it—by its December 2022 guidance (termed the "Original Bulletin" and as revised by its March 2024 "Revised Bulletin")—included circumstances where an online technology connects (i) an individual's internet protocol ("IP") address with (ii) a visit to an unauthenticated public website ("UPW") addressing specific health conditions or healthcare providers (defined as the "Proscribed Combination"). *See* 2024 WL 3075865, at *2.

4. The *AHA v. Becerra* decision focuses exclusively on whether that "Proscribed Combination" was an example to highlight existent privacy concerns as reflected in the HIPAA Privacy Rule, as HHS contended, or was an entirely new obligation, as plaintiffs, two hospital associations and a regional healthcare system, contended. *See, e.g.*, *id.* at *6 (stating that "much hinges on that distinction. If the Proscribed Combination isn't IIHI, the Privacy Rule doesn't apply. On the other hand, if the Proscribed Combination constitutes IIHI, covered entities have a host of legal obligations to ensure HIPAA compliance. And if the Proscribed Combination is novel, as the Hospitals contend, then these legal obligations are necessarily new") (cleaned up).

5. Here, however, this case does ***not*** concern the use by Plaintiffs of unauthenticated or public websites and the concomitant disclosure of their IP addresses. Rather, this case challenges Edward-Elmhurst's use of tracking technologies, including the Meta Pixel, to collect and to disclose Plaintiffs' IIHI to third parties—such as Meta—without their knowledge or consent. *See, e.g.*, FAC, ¶ 24 (the information from Defendant's Tracking Pixel "allows a third party (*e.g.*, Facebook) to know that a specific patient was seeking confidential medical care"); ¶¶

6-7, 23 & 50 (describing non-public Private Information that Edward-Elmhurst disclosed to third parties).

6. *AHA v. Becerra* amply supports Plaintiffs' position that covered entities—such as Edward-Elmhurst—may *not* use tracking technologies to collect and to disclose individually identifiable health information ("IIHI") protected under HIPAA's Privacy Rule to third parties such as Facebook and Google. Edward-Elmhurst's obligation to protect IIHI is not changed or in any way diminished by *AHA v. Becerra*; in fact, the decision reinforces virtually all aspects of the OCR Guidance and, more importantly, reinforces the notion that website users who navigate Edward-Elmhurst's webpages have a reasonable expectation of privacy when they, among other things, (i) search for conditions and treatments related to their medical care, (ii) book an appointment for themselves; (iii) pay their medical bills or (iv) login to their patient portal and that Edward-Elmhurst violated those privacy rights when it disclosed their sensitive and private health information to third parties through the use and implementation of various tracking technologies. *AHA v. Becerra,* 2024 WL 3075865, at *4, n.3 ("The Revised Bulletin contains an array of guidance for covered entities, much of which is both legally and pragmatically sound."); *see also id*. at *2 (stating that "[l]ike most guidance documents, the Original Bulletin reminded covered entities of their obligation to protect IIHI").[1]

Date: June 27, 2024

Respectfully submitted,

By: /s/ *David S. Almeida*

**ALMEIDA LAW GROUP LLC**
David S. Almeida (ARDC 6285557)

[1] Furthermore, the Federal Trade Commission's bulletin on the same topics remains untouched as do the FTC's numerous enforcement actions against healthcare providers for committing the same actions alleged herein. *See, e.g.*, FAC, ¶¶ 197-98 (discussing the FTC's enforcement actions).

Britany A. Kabakov (ARDC 6336126)
849 W. Webster Avenue
Chicago, Illinois 60614
(312) 576-3024 (phone)
david@almeidalawgroup.com
britany@almeidalawgroup.com

**STEPHAN ZOURAS, LLC**
James B. Zouras
Ryan F. Stephan
Teresa M. Becvar
Michael J. Casas
222 W. Adams St, Suite 2020
Chicago, Illinois 60606
312.233.1550
312.233.1560 *f*
jzouras@stephanzouras.com
rstephan@stephanzouras.com
tbecvar@stephanzouras.com
mcasas@stephanzouras.com

*Attorneys for Plaintiffs & the Putative Class*

**CERTIFICATE OF SERVICE**

I, the attorney, hereby certify that on June 27, 2024, I filed the attached with the Clerk of the Court using the Court's electronic filing system and will send such filing to all attorneys of record.

*/s/ David S. Almeida*