**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

| | |
|---|---|
| ARNOLD STEIN and DIANE MILLER, *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br>v.<br><br>EDWARD-ELMHURST HEALTH,<br><br>Defendant. | Case No. 1:23-cv-14515<br><br>Judge Steven C. Seeger |

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs Arnold Stein and Diane Miller respectfully submit this supplemental authority in support of their Memorandum of Law in Opposition to Defendant's Rule 12(b)(6) Motion to Dismiss filed on March 19, 2024, which is currently pending before this Honorable Court.

1. On March 19, 2024, Edward-Elmhurst Health ("Edward-Elmhurst" or "Defendant") filed its Motion to Dismiss for Failure to State a Claim and Memorandum of Law in Support (the "Motion"). *See* Dkt. Nos. 38 & 39.

2. On April 9, 2024, Plaintiffs filed their brief in opposition to Defendant's Motion and, on April 16, 2024, Defendant filed its Reply. *See* Dkt. Nos. 41 & 43.

3. On July 9, 2024, Judge Daniel issued his Opinion and Order in *Smith v. Loyola University Medical Center*, denying, in part, defendant's motion to dismiss a virtually identical class action lawsuit alleging that the hospital defendant surreptitiously collected and disclosed patient information to third parties using various tracking technologies on its website. *See* No. 23 CV 15828, 2024 WL 3338941 (N.D. Ill. July 9, 2024) (attached as Exhibit A).

4. The endorsed memorandum opinion and order is relevant to Plaintiffs' Opposition because the Court denied defendant's motion to dismiss the following causes of action: violation

of the Electronic Communications Privacy Act ("ECPA"), negligence and Illinois Eavesdropping Statute, which are at issue here. *Id.* at *5-10

5. Beginning with the ECPA claim, the Court held that (i) plaintiffs plausibly allege that "content" was intercepted because "the URLs identified in the first amended class action complaint include search terms for specific medical conditions and medical providers"; (ii) because plaintiffs allege that defendant intercepted their communications to violate HIPAA, defendant "cannot evade liability as a party to the communications under the ECPA" and (iii) "lacking the benefit of discovery, Smith and Nilles' allegations regarding their individual experiences using LUMC's online platform—and the inferences drawn from those experiences—are sufficient to plausibly allege that LUMC disclosed information regarding their personal health conditions and treatments to third parties." *Id.* at *5-7.

6. Regarding the negligence claim, the Court explained that "the complaint plausibly alleges a duty to prevent the disclosure of their private health information" in part because the Illinois Legislature passed the Information Protection Act. *Id.* at *7. The Court further held that plaintiffs alleged compensable damages because allegations of emotional harm are sufficient in the data privacy context. *Id.* (collecting cases).

7. Finally, with respect to the Illinois Eavesdropping Statute, the Court held that the statute applies to parties to a communication and that defendant's disclosures on its website were insufficient. *Id.* at * 9-10.

**WHEREFORE**, for these reasons, Plaintiffs respectfully submit this Notice of Supplemental Authority and maintain that Defendant's Motion should be denied in its entirety.

Date: July 11, 2024 Respectfully submitted,

/s/ *David S. Almeida*

**ALMEIDA LAW GROUP LLC**
David S. Almeida (ARDC 6285557)
Britany A. Kabakov (ARDC 6336126)
849 W. Webster Avenue
Chicago, Illinois 60614
(312) 576-3024
david@almeidalawgroup.com
britany@almeidalawgroup.com

**STEPHAN ZOURAS, LLC**
James B. Zouras
Ryan F. Stephan
Teresa M. Becvar
Michael Casas
222 W. Adams St, Suite 2020
Chicago, Illinois 60606
312.233.1550
312.233.1560 f