**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| ARNOLD STEIN and DIANE MILLER, *individually and on behalf of all others similarly situated*,<br><br>Plaintiffs,<br>v.<br><br>EDWARD-ELMHURST HEALTH,<br><br>Defendant. | Case No. 1:23-cv-14515<br><br>The Honorable Steven C. Seeger, Judge<br><br>**RESPONSE TO SUPPLEMENTAL AUTHORITY NOTICE (DKT. # 48)** |

Defendant Edward-Elmhurst Health respectfully submits this brief response to plaintiffs' notice of supplemental authority regarding *Smith v. Loyola University Medical Center*, 2024 WL 3338941 (N.D. Ill. July 9, 2024), submitted to the Court at docket # 48:

***1.*** The *Loyola* court first addressed issues Edward-Elmhurst has not raised on the federal Wiretap Act: whether an interception occurred at all and, if so, whether there were any contents at issue. 2024 WL 3338941, at *5-6. On the tortious or criminal conduct exception, the court held Smith's allegations were "sufficient to invoke HIPPA for purposes of ECPA's crime-tort exception." *Id.*, at *6-7 (citing *Kurowski v. Rush Sys. for Health*, 2023 WL 8544084, at *3 (N.D. Ill. Dec. 11, 2023)).

For the reasons that have already been explained, the Court should not follow *Loyola* or *Rush* on this point. (Dkt. # 43, Rep. Br. 1-7.) Respectfully, the decisions are incorrect in (1) allowing the outcome of the exception analysis to be driven by an alleged legal violation, *cf. Desnick v. Am. Broad. Cos., Inc.*, 44 F.3d 1345, 1353-54 (7th Cir. 1995); *In re DoubleClick Inc. Privacy Litig.*, 154 F. Supp. 2d 497, 515-16 (S.D.N.Y. 2001); (2) divorcing this alleged HIPAA

violation from the context in which it was made, where the purpose was not to harm the named plaintiffs in particular but rather, at worst, to engage them in Internet speech, *cf. Caro v. Weintraub*, 618 F.3d 94, 99-100 (2d Cir. 2010); and (3) in refusing to apply the exception as a matter of law on a motion to dismiss, *cf. Desnick*, 44 F.3d at 1353.

***2.*** On the Illinois Eavesdropping Act claim, in its entirety, the *Loyola* court analyzed issues Edward-Elmhurst has not raised: (1) whether an interception occurred under the statute, 2024 WL 3338941, at *9; (2) whether the statute only applies to non-parties, *id.*; and (3) whether Loyola made adequate disclosures on its website, *id.* at *10. Here, the basis for Edward-Elmhurst's motion is plain: when it comes to *private electronic communications*, the statute sets forth a one-party consent rule to which there is no tortious or criminal conduct exception. (Dkt. # 39, *Mem. in Supp.*, pgs. 9-10; 720 ILCS § 5/14-2(a)(3); *Zak v. Bose Corp.*, 2020 WL 2762552, at *2-3 (N.D. Ill. May 27, 2020).)

***3.*** Finally, on the negligence claim, the *Loyola* court did not reconcile its holding with the decisions in *Dinerstein v. Google LLC*, 484 F.Supp.3d 561, 594-95 (N.D. Ill 2020), *aff'd* 73 F.4th 502, 523 n.4 (7th Cir. 2023). (Dkt. # 39, *Mem. in Supp.*, pg. 19.) Any claim for alleged breach of physician-patient confidentiality could simply be recast as a negligent failure not to protect the same information. (Dkt. # 41, *Opp. Br.*, pg. 16 ("Plaintiffs allege that Defendant owed them a common law duty to prevent the 'disclosure of [their] Private Information to unauthorized third parties'") (quoting *Am. Compl.*, ¶ 433).)

The court also found this duty in the Illinois Personal Information Protection Act. 2024 WL 3338941, at *7. This statute, however, does not apply under its own terms. *See* 815 ILCS § 530/5 (Definitions) (defining the term "personal information" to mean [1] "<u>*an individual's first name or first initial and last name*</u>," [2] "***in combination with*** any one or more of the following

data elements," including "(A) Social Security number," "(B) Driver's license number or State identification card number," "(C) Account number or credit or debit card number," "(D) Medical information," "(E) Health insurance information," and "(F) Unique biometric data").

Dated: July 16, 2024

Respectfully submitted,

**EDWARD-ELMHURST HEALTH**

By: /s/ *David Carney*

David Carney
BAKER & HOSTETLER LLP
127 Public Square, Suite 2000
Cleveland, OH 44114
(216) 621-0200
dcarney@bakerlaw.com

Bonnie Keane DelGobbo
BAKER & HOSTETLER LLP
One North Wacker Drive, Suite 4500
Chicago, IL 60606
(312) 416-6200

*Counsel for defendant Edward-Elmhurst Health*