**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

ARNOLD STEIN and DIANE MILLER, *individually and on behalf of all others similarly situated*,

Plaintiffs,

v.

EDWARD-ELMHURST HEALTH,

Defendant.

Case No. 23-cv-14515
Judge Steven C. Seeger

**NOTICE OF SUPPLEMENTAL AUTHORITY**
**IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Plaintiffs Arnold Stein and Diane Miller respectfully submit this supplemental authority in further support of their Opposition to Defendant's Rule 12(b)(6) Motion to Dismiss.

1. On March 19, 2024, Edward-Elmhurst Health ("Edward-Elmhurst" or "Defendant") filed its Motion to Dismiss for Failure to State a Claim and Memorandum of Law in Support (the "Motion"). *See* Dkt. Nos. 38 & 39.

2. On April 9, 2024, Plaintiffs filed their brief in opposition to the Motion and, on April 16, 2024, Defendant filed its Reply. *See* Dkt. Nos. 41 & 43.

3. On September 9, 2024, Judge Kendall issued a memorandum opinion and order in *A.D., et al. v. Aspen Dental Management, Inc.* denying, in part, defendant's motion to dismiss a virtually identical class action lawsuit alleging that a healthcare defendant surreptitiously collected and disclosed patient information to third parties using various tracking technologies on its website. *See* 2024 WL 4119153 (N.D. Ill. Sept. 9, 2024) (attached as **Exhibit A)**.

4. The endorsed memorandum opinion and order is relevant to Plaintiffs' Opposition because the Court in *Aspen Dental* denied defendant's motion to dismiss causes of action for

violation of the Electronic Communications Privacy Act ("ECPA") and negligence, which are at issue here. *Id.* at *2-3 & 9.

5. Beginning with the ECPA claim, Judge Kendall concluded that plaintiffs adequately plead a violation of HIPAA based on the defendant's disclosure of protected health information, *see id*. at *2-3, which was accomplished using the same technology Plaintiffs allege Edward-Elmhurst deployed on its Web Properties (the Meta Pixel) and Defendant does not deny using. The Court further held that the crime-tort exception was sufficiently pled because the purpose "cannot be detached from the reality that Aspen achieved this improved marketing and revenue boost by disclosing Plaintiffs IIHI." *Id.* at *3. Thus, financial motivation is sufficient to invoke the crime-tort exception of the ECPA when the underlying conduct violates HIPAA. *Id.*

6. With respect to the negligence claim, Judge Kendall concluded that the defendant assumed a duty to exercise reasonable care by making representations that it would not disclose plaintiffs' private information without their consent. *Id.* at *9. Because the complaint alleged that defendant disseminated plaintiffs' personal information without consent, the complaint plausibly alleged a duty to prevent the disclosure of private health information. *Id.*

7. In sum, Judge Kendall's opinion provides this Court with additional grounds to deny Defendant's Motion.

Date: September 10, 2024

Respectfully submitted,

By: */s/ David S. Almeida*

**ALMEIDA LAW GROUP LLC**
David S. Almeida (ARDC 6285557)
Britany A. Kabakov (ARDC 6336126)
849 W. Webster Avenue
Chicago, Illinois 60614
(312) 576-3024
david@almeidalawgroup.com
britany@almeidalawgroup.com

**STEPHAN ZOURAS, LLC**
James B. Zouras
Ryan F. Stephan
Teresa M. Becvar
Michael Casas
222 W. Adams St, Suite 2020
Chicago, Illinois 60606
312.233.1550
312.233.1560
jzouras@stephanzouras.com
rstephan@stephanzouras.com
tbecvar@stephanzouras.com
mcasas@stephanzouras.com

*Attorneys for Plaintiffs & the Putative Class*

**CERTIFICATE OF SERVICE**

I, the attorney, hereby certify that on September 10, 2024, I filed the attached with the Clerk of the Court using the Court's electronic filing system and will send such filing to all attorneys of record.

*/s/ David S. Almeida*