**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| ARNOLD STEIN and DIANE MILLER, *individually and on behalf of all others similarly situated*,<br><br>Plaintiffs,<br>v.<br><br>EDWARD-ELMHURST HEALTH,<br><br>Defendant. | Case No. 1:23-cv-14515<br><br>The Honorable Steven C. Seeger, Judge<br><br>**RESPONSE TO SUPPLEMENTAL AUTHORITY NOTICE (DKT. # 50)** |

Defendant Edward-Elmhurst Health respectfully submits this response to plaintiffs' notice of supplemental authority on *A.D. v. Aspen Dental Management, Inc.*, 2024 WL 4119153 (N.D. Ill. Sept. 9, 2024), submitted to the Court at docket # 50:

***1.*** Edward-Elmhurst agrees with much of Judge Kendall's analysis on the federal Wiretap Act claim. *See Aspen Dental*, 2024 WL 4119153, at *2-3. Specifically, Edward-Elmhurst agrees that (1) the Seventh Circuit's decision in *Desnick* should provide the initial guidepost for the federal Wiretap Act analysis, *id.* at *2, and (2) that *Desnick* is factually distinguishable from the case at bar, *id.*

Edward-Elmhurst simply draws a different legal principle from the case: specifically, that application of the tortious or criminal conduct exception should not be driven by an analysis of whether or not the defendant's alleged misconduct violated the law. *Desnick v. Am. Broad. Cos., Inc.*, 44 F.3d 1345, 1353-54 (7th Cir. 1995). As the court held: "Maybe the program as it was eventually broadcast was tortious, for we have said that the defamation count was dismissed prematurely. But there is no suggestion that the defendants sent the testers into the Wisconsin

and Illinois offices for the purpose of defaming the plaintiffs by charging tampering with the glare machine." *Id.*

That is how the tortious or criminal conduct exception is being applied in cases like *Aspen Dental*, however. If plaintiffs adequately allege HIPAA is violated the exception applies, because HIPAA makes the disclosure of "individually identifiable health information" a crime. *See* 2024 WL 4119153, at *3 (quoting 42 U.S.C. § 1320d-6). On the other hand, if HIPAA is not violated, the exception does not apply, because then there would be no crime at issue. (Dkt. # 43, *Rep. Br.*, at pg. 1 (citing *Kurowski I & II*).) In all events, however, and whether HIPAA applies or not, the defendant's alleged purpose is exactly the same: to engage in digital marketing. (*Id.* at pg. 4; Dkt. # 39, *Mem. in Supp.*, at pg. 7 (collecting allegations).) Respectfully, this application of the exception is contrary to *Desnick*. The Court should reach a different result.

As a final point, and as Judge Kendall noted in the opinion: "The one-party exception does not apply, however, if the 'communication is intercepted for the purpose of committing any criminal or tortious act ***in violation of the Constitution*** or laws of the United States or of any State." 2024 WL 4119153, at *2 (quoting 18 U.S.C. § 2511(2)(d), emphasis added).)

Here, plaintiffs are arguing that the exception should apply, notwithstanding that Edward-Elmhurst through its website and through social media is engaging in conduct that is generally *protected* by the Constitution: commercial speech. *See Moody v. NetChoice, LLC*, 144 S. Ct. 2383, 2393 (July 1, 2024) (noting that "[t]oday, Facebook and YouTube alone have two billion users each"). As Edward-Elmhurst has argued, it may be plaintiffs can ultimately show Edward-Elmhurst's conduct crossed the First Amendment protected line. (Dkt. # 39, *Mem. in Supp.*, at pg. 8.) That may mean a legal violation, but should not also mean that the tortious or criminal conduct exception to the federal Wiretap Act applies.

***2.*** On the negligence claim, Edward-Elmhurst states the same basic points that Edward-Elmhurst made with respect to the decision in *Loyola*: (1) *Aspen Dental* also does not reconcile its holding with the decisions in *Dinerstein v. Google LLC*, 484 F.Supp.3d 561, 594-95 (N.D. Ill 2020), *aff'd* 73 F.4th 502, 523 n.4 (7th Cir. 2023), and (2) the Illinois Personal Information Protection Act does not apply under its own terms. (*See* Dkt. # 49, *Supp. Auth. Resp.*, at pgs. 2-3.) Moreover, to the extent *Aspen Dental* relied on representations made in the defendant's privacy policy, here Edward-Elmhurst's privacy policy disclaims any such duty. (Dkt. #31-1, *Am. Compl.*, *Ex. A*, at pg. 3 ("Edward-Elmhurst Healthcare cannot ensure or warrant the security of any information you transmit to us, and you do so at your own risk.").)

As the Seventh Circuit held: "We are not merely to count noses. The parties are entitled to our own independent judgment." *See Fed. Trade Comm'n v. Credit Bureau Ctr., LLC*, 937 F.3d 764, 785 (7th Cir. 2019) (quotation omitted). The Court should grant Edward-Elmhurst's Rule 12(b)(6) motion to dismiss in its entirety for failure to state a claim.

Dated: September 11, 2024

Respectfully submitted,

**EDWARD-ELMHURST HEALTH**

By: /s/ *David Carney*

Bonnie Keane DelGobbo
BAKER & HOSTETLER LLP
One North Wacker Drive, Suite 4500
Chicago, IL 60606
(312) 416-6200

*Counsel for defendant Edward-Elmhurst Health*

David Carney
BAKER & HOSTETLER LLP
127 Public Square, Suite 2000
Cleveland, OH 44114
(216) 621-0200
dcarney@bakerlaw.com