**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ARNOLD STEIN and DIANE MILLER, *individually and on behalf of all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>EDWARD-ELMHURST HEALTH,<br><br>Defendant. | 1:23-cv-14515<br><br>Honorable Steven C. Seeger |

**DEFENDANT EDWARD-ELMHURST HEALTH'S**
**ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED CLASS ACTION COMPLAINT**

Defendant Edward-Elmhurst Health (Edward-Elmhurst), by and through counsel, files the following answer and affirmative defenses to plaintiffs Arnold Stein and Diane Miller's amended class action complaint (Complaint). Except as expressly admitted below, Edward-Elmhurst generally denies every allegation in the Complaint, including, without limitation, any allegations or assertions contained in the Complaint's headings or footnotes as well as every purported cause of action, and further denies that plaintiffs have been harmed in the manners alleged.

Edward-Elmhurst also notes that the numbering of paragraphs in the Complaint has been duplicated on numerous occasions. In such events, Edward-Elmhurst will identify the paragraph followed by the page number on which that paragraph can be found in the Complaint. When the number of a paragraph is repeated on the same page of the Complaint, Edward-Elmhurst will designate its response according to the order in which the duplicated numbering appears on that page (1st, 2nd, 3rd, etc.). Subject to and without waiving the above, Edward-Elmhurst answers and states as follows:

## NATURE OF THE ACTION

1. Edward-Elmhurst admits only that plaintiffs selectively quote a version of Edward-Elmhurst's HIPAA Notice of Privacy Practices archived by the Internet Archive's Wayback Machine on May 28, 2022, the contents of which speak for themselves.

2. Edward-Elmhurst denies the allegations contained in paragraph 2 of the Complaint.

3. Edward-Elmhurst admits only plaintiffs cite the article *Telehealth Sites Put Addiction Patient Data at Risk: New research found pervasive use of tracking tech on substance-abuse-focused health care websites, potentially endangering users in a post-Roe world*, which purportedly supports the allegations contained in paragraph 3. Edward-Elmhurst states that the contents of the article speak for themselves, denies plaintiffs' characterization of these contents article, and denies the remaining allegations contained in paragraph 3 of the Complaint.

4. Edward-Elmhurst lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4 and therefore denies the same.

5. Edward-Elmhurst denies the allegations contained in paragraph 5 of the Complaint.

6. For its response to paragraph 6 of the Complaint, Edward-Elmhurst admits that it maintains a public website, https://www.eehealth.org, that offers various features and information on for the benefit of both patients and the public.

7. For its response to paragraph 7 of the Complaint, Edward-Elmhurst admits only that it maintains a MyChart patient portal, available at https://mychart.eehealth.org/mychart.

8. For its response to paragraph 8 of the Complaint, Edward-Elmhurst admits only that the Complaint collectively refers to the public website https://www.eehealth.org and the MyChart patient portal as the "Web Properties."

9. Edward-Elmhurst denies the allegations contained in paragraph 9 of the Complaint.

10. Edward-Elmhurst denies the allegations of paragraph 10 of the Complaint, as well as those contained in footnote four cited therein.

11. Edward-Elmhurst admits only that footnote five selectively quotes the webpage https://www.cloudflare.com/learning/privacy/what-are-cookies/, the contents of which speak for themselves. Edward-Elmhurst denies plaintiffs' characterization of these contents, and denies the remaining allegations contained in paragraph 11 of the Complaint.

12. Edward-Elmhurst denies the allegations contained in paragraph 12 of the Complaint.

13. Edward-Elmhurst admits only that plaintiffs selectively quote the webpage https://www.facebook.com/business/goals/retargeting, the contents of which speak for themselves. Edward-Elmhurst denies plaintiffs' characterization of these contents, and denies the remaining allegations contained in paragraph 13 of the Complaint.

14. Edward-Elmhurst denies the allegations contained in paragraph 14 of the Complaint.

15. Edward-Elmhurst denies the allegations contained in paragraph 15 of the Complaint.

16. Edward-Elmhurst denies the allegations contained in paragraph 16 of the Complaint.

17. Edward-Elmhurst admits only that footnotes eight and nine cite and/or selectively quote webpages which plaintiffs purport support their allegations. Edward-Elmhurst states that the contents of these webpage speak for themselves, denies plaintiffs' characterization of the webpages, and denies the remaining allegations contained in paragraph 17 of the Complaint.

18. Edward-Elmhurst admits only that plaintiffs selectively quote a webpage, the contents of which speak for themselves. Edward-Elmhurst denies plaintiffs' characterization of these contents and denies the remaining allegations of paragraph 18 of the Complaint.

19. Edward-Elmhurst denies the allegations contained in paragraph 19 of the Complaint.

20. Edward-Elmhurst denies the allegations contained in paragraph 20 of the Complaint.

21. Edward-Elmhurst denies the allegations contained in paragraph 21 of the Complaint.

22. Edward-Elmhurst denies the allegations contained in paragraph 22 of the Complaint.

23. Edward-Elmhurst denies the allegations contained in paragraph 23 of the Complaint.

24. Edward-Elmhurst denies the allegations contained in paragraph 24 of the Complaint.

25. Edward-Elmhurst denies the allegations contained in paragraph 25 of the Complaint.

26. Edward-Elmhurst denies the allegations contained in paragraph 26 of the Complaint.

27. Edward-Elmhurst denies the allegations contained in paragraph 27 of the Complaint.

28. Edward-Elmhurst denies the allegations contained in paragraph 28 of the Complaint.

29. Edward-Elmhurst denies the allegations contained in paragraph 28 of the Complaint.

30. Edward-Elmhurst denies the allegations contained in paragraph 30 of the Complaint.

31. Edward-Elmhurst denies the allegations contained in paragraph 31 of the Complaint.

32. Edward-Elmhurst denies the allegations contained in paragraph 32 of the Complaint.

33. Edward-Elmhurst denies the allegations contained in paragraph 33 of the Complaint.

34. Edward-Elmhurst admits only that plaintiffs quote the Office of Civil Rights at HHS bulletin titled "Use of Online Tracking Technologies by HIPAA Covered Entities and Business Associates," which the United States District Court for the Northern District of Texas held should be invalidated, at least in part. *See Am. Hosp. Assn. v. Becerra*, --- F.Supp.3d ----, 2024 WL 3075865 (N.D. Tx. June 20, 2024). Edward-Elmhurst denies the remaining allegations contained in paragraph 34 of the Complaint.

35. Edward-Elmhurst admits only that plaintiffs quote the Office of Civil Rights at HHS bulletin titled "Use of Online Tracking Technologies by HIPAA Covered Entities and Business Associates," which the United States District Court for the Northern District of Texas held should be invalidated, at least in part. *See Am. Hosp. Assn. v. Becerra*, --- F.Supp.3d ----,

2024 WL 3075865 (N.D. Tx. June 20, 2024). Edward-Elmhurst denies the remaining allegations contained in paragraph 34 of the Complaint.

36. Edward-Elmhurst admits only that plaintiffs cite various webpages which they purport support the allegations contained in paragraph 36 of the Complaint. Edward-Elmhurst states that the contents of these webpages speak for themselves, denies plaintiffs' characterization of the webpages, and denies the remaining allegations contained therein.

37. Edward-Elmhurst denies the allegations contained in paragraph 37 of the Complaint.

38. Edward-Elmhurst denies the allegations contained in paragraph 38 of the Complaint.

39. Edward-Elmhurst denies the allegations contained in paragraph 39 of the Complaint.

40. Edward-Elmhurst admits only that plaintiffs seek to asset the claims identified in paragraph 40 on behalf of the putative classes defined in paragraphs 317 and 318 of the Complaint. Edward-Elmhurst denies that this case can be maintained as a class action, and denies the remaining allegations contained in paragraph 40 of the Complaint.

**PARTIES**

41. Edward-Elmhurst lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 41 and therefore denies the same.

42. Edward-Elmhurst lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 42 and therefore denies the same.

43. For its response to paragraph 43 of the Complaint, Edward-Elmhurst admits to being a non-profit entity registered with the state of Illinois and denies the remaining allegations therein.

44. For its response to paragraph 44 of the Complaint, Edward-Elmhurst admits only that plaintiffs cite the webpage https://www.eehealth.org/locations/search-results/, the contents of which speak for themselves.

45. Edward-Elmhurst denies the allegations contained in paragraph 45 of the Complaint.

## JURISDICTION & VENUE

46. Edward-Elmhurst states that the allegations contained in paragraph 47 of the Complaint are legal conclusions which require no response. To the extent a response is required, Edward-Elmhurst denies the allegations contained therein.

47. Edward-Elmhurst denies the allegations contained in paragraph 47 of the Complaint.

48. Edward-Elmhurst denies the allegations contained in paragraph 48 of the Complaint.

49. Edward-Elmhurst denies the allegations contained in paragraph 49 of the Complaint.

## FACTUAL ALLEGATIONS

50. Edward-Elmhurst lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 50 and therefore denies the same.

51. Edward-Elmhurst lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 51 and therefore denies the same.

52. Edward-Elmhurst lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 52 and therefore denies the same.

53. Edward-Elmhurst denies the allegations contained in paragraph 53 of the Complaint.

54. Edward-Elmhurst admits only that plaintiffs cite the Office of Civil Rights at HHS bulletin titled "Use of Online Tracking Technologies by HIPAA Covered Entities and Business Associates," which the United States District Court for the Northern District of Texas held should be invalidated, at least in part. *See Am. Hosp. Assn. v. Becerra*, --- F.Supp.3d ----, 2024 WL 3075865 (N.D. Tx. June 20, 2024). Edward-Elmhurst denies the remaining allegations contained in paragraph 54 of the Complaint.

55. Edward-Elmhurst lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 55 of the Complaint and so denies them.

56. Edward-Elmhurst lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 56 of the Complaint and so denies them.

57. Edward-Elmhurst admits only that plaintiffs cite the article *Facebook Is Receiving Sensitive Medical Information from Hospital Websites*, the contents of which speak for themselves. Edward-Elmhurst denies plaintiffs' characterization of these contents, and denies the remaining allegations contained in paragraph 57 of the Complaint.

58. Edward-Elmhurst admits only that plaintiffs cite the article *Facebook Is Receiving Sensitive Medical Information from Hospital Websites*, the contents of which speak for themselves. Edward-Elmhurst denies plaintiffs' characterization of these contents, and denies the remaining allegations contained in paragraph 58 of the Complaint.

59. Edward-Elmhurst denies the allegations contained in paragraph 59 of the Complaint.

60. Edward-Elmhurst lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 60 and therefore denies the same.

61. Edward-Elmhurst lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 61 and therefore denies the same.

62. Edward-Elmhurst lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 63 and therefore denies the same.

63. Edward-Elmhurst lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 62 and therefore denies the same.

64. Edward-Elmhurst denies the allegations contained in paragraph 63 of the Complaint.

65. Edward-Elmhurst denies the allegations contained in paragraph 64 of the Complaint.

66. Edward-Elmhurst denies the allegations contained in paragraph 65 of the Complaint.

67. Edward-Elmhurst denies the allegations contained in paragraph 66 of the Complaint.

68. In response to paragraph 67, Edward-Elmhurst admits only that plaintiffs cite *Meta Reports Fourth Quarter and Full Year 2021 Results*, the contents of which speak for themselves.

69. Edward-Elmhurst lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 68 and therefore denies the same.

70. Edward-Elmhurst denies the allegations contained in paragraph 69 of the Complaint.

71. Edward Elmhurst admits only that footnote 20 cites the articles *Specifications for Facebook Pixel Standard Events*, *Facebook Pixel, Accurate Event Tracking*, *Best Practices for Facebook Pixel Setup*, and *App Events API*, which plaintiffs purport support the allegations contained in paragraph 70. Edward-Elmhurst states the contents of these articles speak for themselves, denies plaintiffs' characterization of the contents, and denies the remaining allegations contained in paragraph 70 of the Complaint.

72. Edward Elmhurst admits only that footnote 21 quote and/or cites the articles *About Standard and Custom Website Events* and *App Events API*, which plaintiffs purport support the allegations contained in paragraph 71 (pg. 17) of the Complaint. Edward-Elmhurst states the contents of these articles speak for themselves, denies plaintiffs' characterization of the contents, and denies the remaining allegations contained therein.

73. Edward-Elmhurst admits only that plaintiffs cite the article *Retargeting*, the contents of which speak for themselves. Edward-Elmhurst denies plaintiffs' characterization of the contents, and denies the remaining allegations contained in paragraph 72 (pg. 17).

74. Edward-Elmhurst admits only that plaintiffs cite the articles *Business Help Center: How to set up and install a Meta Pixel* and *How to Set Up & Install the Facebook Pixel*, the contents

of which speak for themselves. Edward-Elmhurst denies plaintiffs' characterization of the contents, and denies the remaining allegations contained in paragraph 73 (pg. 17).

75. Edward-Elmhurst denies the allegations contained in paragraph 74 (pg. 17) of the Complaint.

76. Edward-Elmhurst denies the allegations contained in paragraph 75 (pg. 17) of the Complaint.

77. Edward-Elmhurst denies the allegations contained in paragraph 76 (pgs. 17-18).

78. Edward-Elmhurst admits only that plaintiffs cite a webpage which they purport supports paragraph 77's allegations. Edward-Elmhurst states the contents of this webpage speak for themselves, denies plaintiffs' characterization of the contents, and denies the remaining allegations contained in paragraph 77 (pg. 18) of the Complaint.

79. Edward-Elmhurst denies the allegations contained in paragraph 71 (pg. 18) of the Complaint.

80. Edward-Elmhurst lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 72 (pg. 18) of the Complaint and therefore denies the same.

81. Edward-Elmhurst admits only that footnotes 26 and 27 selectively quote webpages which plaintiffs purport support their allegations. Edward-Elmhurst states the contents of these webpages speak for themselves, denies plaintiffs' characterization of the contents, and denies the remaining allegations contained in paragraph 73 (pg. 18-19) of the Complaint.

82. Edward-Elmhurst admits only that plaintiffs cite a webpage, the contents of which speak for themselves. Edward Elmhurst denies plaintiffs' characterization of these contents, and denies the remaining allegations contained in paragraph 74 (pg. 19) of the Complaint.

83. Edward-Elmhurst admits only that plaintiffs selectively quote the article *About Conversions API*, the contents of which speak for themselves. Edward Elmhurst denies plaintiffs'

characterization of these contents, and denies the remaining allegations contained in paragraph 75 (pg. 19) of the Complaint.

84. Edward-Elmhurst denies the allegations contained in paragraph 76 (pg. 19, 1st).

85. Edward-Elmhurst denies the allegations contained in paragraph 76 (pg. 19, 2nd).

86. Edward-Elmhurst denies the allegations contained in paragraph 77 (pg. 20) of the Complaint.

87. Edward-Elmhurst denies the allegations contained in paragraph 78 of the Complaint.

88. Edward-Elmhurst admits only that footnote 30 cites a webpage which plaintiffs purport supports their allegations. Edward-Elmhurst states the contents of that webpage speak for themselves, denies plaintiffs' characterization of the contents, and denies the remaining allegations contained in paragraph 79 of the Complaint.

89. Edward-Elmhurst admits only that plaintiffs selectively quote the article *Facebook Business Tools Terms*, the contents of which speak for themselves. Edward-Elmhurst denies plaintiffs' characterization of the contents, and denies the remaining allegations contained in paragraph 80 of the Complaint.

90. Edward-Elmhurst denies the allegations contained in paragraph 81 of the Complaint.

91. Edward-Elmhurst admits only that plaintiffs quote the article *Shadow Profiles Are the Biggest Flaw in Facebook's Privacy Defense*, the contents of which speak for themselves. Edward-Elmhurst denies plaintiffs' characterization of the contents, and denies the remaining allegations contained in paragraph 82 of the Complaint.

92. Edward-Elmhurst denies the allegations contained in paragraph 83 of the Complaint.

93. Edward-Elmhurst denies the allegations contained in paragraph 84 of the Complaint.

94. Edward-Elmhurst lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 85 of the Complaint and so denies them.

95. Edward-Elmhurst denies the allegations contained in paragraph 86 of the Complaint.

96. Edward-Elmhurst denies the allegations contained in paragraph 87 of the Complaint.

97. Edward-Elmhurst denies the allegations contained in paragraph 88 of the Complaint.

98. Edward-Elmhurst denies the allegations contained in paragraph 89 of the Complaint.

99. Edward-Elmhurst denies the allegations contained in paragraph 90 of the Complaint.

100. For its response to paragraph 91 of the Complaint, Edward-Elmhurst admits only that plaintiffs cite the webpage https://www.facebook.com/business/industries/consumer-good/healthcare, the contents of which speak for themselves.

101. Edward-Elmhurst lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 92 of the Complaint and thus denies them.

102. Edward-Elmhurst lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 93 of the Complaint and thus denies them.

103. Edward-Elmhurst lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 94 of the Complaint and thus denies them.

104. Edward-Elmhurst lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 95 of the Complaint and thus denies them.

105. For its response to paragraph 96, Edward-Elmhurst admits only that plaintiffs cite the article *About Customer List Custom Audiences*, the contents of which speak for themselves.

106. Edward-Elmhurst admits only that plaintiffs provide a screenshot of a section of the article *About Customer List Custom Audiences*, the contents of which speak for themselves. Edward-Elmhurst denies plaintiffs' characterization of the contents and denies the remaining allegations contained in paragraph 97 of the Complaint.

107. Edward-Elmhurst admits only that plaintiffs provide a screenshot of a section of the article *Create a Customer List Custom Audiences*, the contents of which speak for themselves. Edward-Elmhurst denies plaintiffs' characterization of the contents and denies the remaining allegations contained in paragraph 98 of the Complaint.

108. Edward-Elmhurst lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 99 of the Complaint and thus denies them.

109. Edward-Elmhurst admits that a web browser is an application software that can be used for accessing the internet, and denies the remaining allegations contained in paragraph 100.

110. Edward-Elmhurst lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 101 of the Complaint and so denies them.

111. Edward-Elmhurst admits that HTTP Requests, HTTP Responses, and Cookies are used in Web Communications but otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 102 of the Complaint and thus denies them.

112. Edward-Elmhurst admits that HTTP Requests and Responses are used in Web Communications but otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 103 of the Complaint and thus denies them.

113. Edward-Elmhurst lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 104 of the Complaint and so denies them.

114. Edward-Elmhurst admits that Source code is used by websites but is otherwise without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 105 of the Complaint and thus denies them.

115. Edward-Elmhurst lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 106 of the Complaint and so denies them.

116. Edward-Elmhurst denies the allegations contained in paragraph 107 of the Complaint.

117. Edward-Elmhurst denies the allegations contained in paragraph 108 of the Complaint.

118. Edward-Elmhurst denies the allegations contained in paragraph 109 of the Complaint.

119. Edward-Elmhurst denies the allegations contained in paragraph 110 of the Complaint.

120. Edward-Elmhurst lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 111 of the Complaint and so denies them.

121. Edward-Elmhurst admits only that plaintiffs purport to quote a source but fail to provide any citation. Thus, Edward-Elmhurst lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 112 of the Complaint and thus denies them.

122. Edward-Elmhurst denies the allegations contained in paragraph 113 of the Complaint.

123. Edward-Elmhurst lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 114 of the Complaint and so denies them.

124. Edward-Elmhurst admits only that plaintiffs selectively quote a webpage, the contents of which speak for themselves. Edward-Elmhurst denies plaintiffs' characterization of these contents and denies the remaining allegations contained in paragraph 115 of the Complaint.

125. Edward-Elmhurst lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 116 of the Complaint and so denies them.

126. Edward-Elmhurst denies the allegations contained in paragraph 117 of the Complaint.

127. Edward-Elmhurst denies the allegations contained in paragraph 118 of the Complaint.

128. Edward-Elmhurst denies the allegations contained in paragraph 119 of the Complaint.

129. Edward-Elmhurst denies the allegations contained in paragraph 120 of the Complaint.

130. Edward-Elmhurst denies the allegations contained in paragraph 121 of the Complaint.

131. Edward-Elmhurst denies the allegations contained in paragraph 122 of the Complaint.

132. For its response to paragraph 123 of the Complaint, Edward-Elmhurst admits that web browsers send HTTP Requests to web servers which return HTTP Responses, and denies the remaining allegations contained therein.

133. Edward-Elmhurst denies the allegations contained in paragraph 124 of the Complaint.

134. Edward-Elmhurst denies the allegations contained in paragraph 125 of the Complaint.

135. Edward-Elmhurst denies the allegations contained in paragraph 126 of the Complaint.

136. Edward-Elmhurst denies the allegations contained in paragraph 127 of the Complaint.

137. Edward-Elmhurst denies the allegations contained in paragraph 128 of the Complaint.

138. Edward-Elmhurst denies the allegations contained in paragraph 129 of the Complaint.

139. Edward-Elmhurst denies the allegations contained in paragraph 130 of the Complaint.

140. Edward-Elmhurst denies the allegations contained in paragraph 131 of the Complaint.

141. Edward-Elmhurst denies the allegations contained in paragraph 132 of the Complaint.

142. Edward-Elmhurst denies the allegations contained in paragraph 133 of the Complaint.

143. Edward-Elmhurst denies the allegations contained in paragraph 134 of the Complaint.

144. Edward-Elmhurst denies the allegations contained in paragraph 135 of the Complaint.

145. Edward-Elmhurst denies the allegations contained in paragraph 136 of the Complaint.

146. Edward-Elmhurst denies the allegations contained in paragraph 137 of the Complaint.

147. Edward-Elmhurst denies the allegations contained in paragraph 138 of the Complaint.

148. Edward-Elmhurst lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 139 of the Complaint.

149. Edward-Elmhurst denies the allegations contained in paragraph 140 of the Complaint.

150. Edward-Elmhurst denies the allegations contained in paragraph 141 of the Complaint.

151. Edward-Elmhurst denies the allegations contained in paragraph 142 of the Complaint.

152. Edward-Elmhurst denies the allegations contained in paragraph 143 of the Complaint, including those contained in footnote 40.

153. Edward-Elmhurst denies the allegations contained in paragraph 144 of the Complaint.

154. Edward-Elmhurst denies the allegations contained in paragraph 145 of the Complaint.

155. For its response to paragraph 146, Edward-Elmhurst admits that www.eehealth.org contains a hyperlink titled "Find a Doctor" that redirects to https://www.eehealth.org/find-a-doctor/.

156. For its response to paragraph 147 of the Complaint, Edward-Elmhurst admits that https://www.eehealth.org/find-a-doctor/ allows individuals to search for providers by specialty, name, city or zip, hospital affiliation, group practice name, clinical interests, language, gender, etc.

157. Edward-Elmhurst denies the allegations contained in paragraph 148 of the Complaint.

158. Edward-Elmhurst denies the allegations contained in paragraph 149 of the Complaint.

159. Edward-Elmhurst denies the allegations contained in paragraph 150 of the Complaint.

160. For its response to paragraph 151 of the Complaint, Edward-Elmhurst admits that https://www.eehealth.org/find-a-doctor/ allows individuals to search for providers by specialty, city or zip, gender, and clinical interests.

161. Edward-Elmhurst denies the allegations contained in paragraph 152 of the Complaint.

162. For its response to paragraph 153, Edward-Elmhurst admits only that Dr. David C. Lott is one of the physicians that appears upon for the specialty "Addiction Psychiatry," in the city or zip "60125," with the "Male" filter selected on https://www.eehealth.org/find-a-doctor/.

163. Edward-Elmhurst denies the allegations contained in paragraph 154 of the Complaint.

164. For its response to paragraph 155, Edward-Elmhurst admits that www.eehealth.org contains a hyperlink titled "Make an Appointment" that redirects to https://www.eehealth.org/make-an-appointment/.

165. Edward-Elmhurst denies the allegations contained in paragraph 156 of the Complaint.

166. Edward-Elmhurst denies the allegations contained in paragraph 157 of the Complaint.

167. Forst its response to paragraph 158, Edward-Elmhurst admits that https://www.eehealth.org/make-an-appointment/ contains hyperlinks titled "Schedule the next available appointment" which redirect to variations of mychart.eehealth.org/mychart/openscheduling.

168. Edward-Elmhurst denies the allegations contained in paragraph 159 of the Complaint.

169. Edward-Elmhurst denies the allegations contained in paragraph 160 of the Complaint.

170. Edward-Elmhurst denies the allegations contained in paragraph 161 of the Complaint.

171. Edward-Elmhurst denies the allegations contained in paragraph 162 of the Complaint.

172. Edward-Elmhurst denies the allegations contained in paragraph 163 of the Complaint.

173. Edward-Elmhurst denies the allegations contained in paragraph 164 of the Complaint.

174. Edward-Elmhurst denies the allegations contained in paragraph 165 of the Complaint.

175. Edward-Elmhurst denies the allegations contained in paragraph 166 of the Complaint.

176. Edward-Elmhurst admits only that plaintiffs cite *Facebook Ireland Ltd.: Report of Re-Audit* and *Cookies & Other Storage Technologies* which they purport support their allegations. Edward-Elmhurst states that the contents of these articles speak for themselves, denies plaintiffs' characterization of these contents, and denies the remaining allegations contained in paragraph 167 of the Complaint.

177. Edward-Elmhurst denies the allegations contained in paragraph 168 of the Complaint.

178. For its response to paragraph 169, Edward-Elmhurst admits only that plaintiffs cite the article *Cookes & Other Storage Technologies*, the contents of which speak for themselves.

179. For its response to paragraph 170, Edward-Elmhurst admits only that plaintiffs cite the article *Cookes & Other Storage Technologies*, the contents of which speak for themselves.

180. Edward-Elmhurst admits only that plaintiffs quote the article *First-Party Cookie*, the contents of which speak for themselves. Edward-Elmhurst denies plaintiffs characterization of these contents, and denies the remaining allegations contained in paragraph 171.

181. Edward-Elmhurst admits only that plaintiffs quote the article *Third-Party Cookie*, the contents of which speak for themselves. Edward-Elmhurst denies plaintiffs characterization of these contents, and denies the remaining allegations contained in paragraph 172.

182. Edward-Elmhurst lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 173 and therefore denies the same.

183. Edward-Elmhurst lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 174 and therefore denies the same.

184. Edward-Elmhurst denies the allegations contained in paragraph 175 of the Complaint.

185. Edward-Elmhurst denies the allegations contained in paragraph 176 of the Complaint.

186. Edward-Elmhurst denies the allegations contained in paragraph 177 of the Complaint.

187. Edward-Elmhurst denies the allegations contained in paragraph 178 of the Complaint.

188. Edward-Elmhurst denies the allegations contained in paragraph 179 of the Complaint.

189. Edward-Elmhurst states that the allegations contained in paragraph 180 of the Complaint are legal conclusions to which no response is required. To the extent a response is required,

Edward-Elmhurst acknowledges the importance of doctor-patient confidentiality and denies the remaining allegations contained therein.

190. Edward-Elmhurst denies the allegations contained in paragraph 181 of the Complaint.

191. Edward-Elmhurst denies the allegations contained in paragraph 182 of the Complaint.

192. In response to paragraph 183, Edward-Elmhurst admits only that plaintiffs selectively quote the version of https://www.eehealth.org/privacy-practices/ archived by the Internet Archive's Wayback Machine on May 28, 2022, the contents of which speak for themselves.

193. For its response to paragraph 184 of the Complaint, Edward-Elmhurst admits only that the version of https://www.eehealth.org/privacy-practices/ archived by the Internet Archive's Wayback Machine on May 28, 2022 contains a hyperlink to Edward-Elmhurst's HIPAA Notice of Privacy Practices.

194. Edward-Elmhurst admits only that plaintiffs selectively quote the version of Edward-Elmhurst's HIPAA Notice of Privacy Practices archived by the Internet Archive on November 2, 2021, the contents of which speak for themselves. Edward-Elmhurst denies plaintiffs' characterization of these contents, and denies the remaining allegations contained in paragraph 185 of the Complaint.

195. Edward-Elmhurst admits only that plaintiffs selectively quote the version of Edward-Elmhurst's HIPAA Notice of Privacy Practices archived by the Internet Archive on November 2, 2021, the contents of which speak for themselves. Edward-Elmhurst denies plaintiffs' characterization of these contents, and denies the remaining allegations contained in paragraph 186 of the Complaint.

196. Edward-Elmhurst denies the allegations contained in paragraph 187 of the Complaint.

197. Edward-Elmhurst admits only that plaintiffs are referring to the Office of Civil Rights at HHS bulletin titled "Use of Online Tracking Technologies by HIPAA Covered Entities and Business Associates," which the United States District Court for the Northern District of Texas held should be invalidated, at least in part. *See Am. Hosp. Assn. v. Becerra*, --- F.Supp.3d ----, 2024 WL 3075865 (N.D. Tx. June 20, 2024). Edward-Elmhurst denies the remaining allegations contained in paragraph 188 of the Complaint.

198. Edward-Elmhurst admits only that plaintiffs cite the Office of Civil Rights at HHS bulletin titled "Use of Online Tracking Technologies by HIPAA Covered Entities and Business Associates," which the United States District Court for the Northern District of Texas held should be invalidated, at least in part. *See Am. Hosp. Assn. v. Becerra*, --- F.Supp.3d ----, 2024 WL 3075865 (N.D. Tx. June 20, 2024). Edward-Elmhurst denies the remaining allegations contained in paragraph 189 of the Complaint.

199. Edward-Elmhurst admits only that plaintiffs selectively quote the Office of Civil Rights at HHS bulletin titled "Use of Online Tracking Technologies by HIPAA Covered Entities and Business Associates," which the United States District Court for the Northern District of Texas held should be invalidated, at least in part. *See Am. Hosp. Assn. v. Becerra*, --- F.Supp.3d ----, 2024 WL 3075865 (N.D. Tx. June 20, 2024). Edward-Elmhurst denies the remaining allegations contained in paragraph 190 of the Complaint.

200. Edward-Elmhurst admits only that plaintiffs selectively quote the Office of Civil Rights at HHS bulletin titled "Use of Online Tracking Technologies by HIPAA Covered Entities and Business Associates," which the United States District Court for the Northern District of Texas held should be invalidated, at least in part. *See Am. Hosp. Assn. v. Becerra*, ---

F.Supp.3d ----, 2024 WL 3075865 (N.D. Tx. June 20, 2024). Edward-Elmhurst denies the remaining allegations contained in paragraph 191 of the Complaint.

201. Edward-Elmhurst denies the allegations contained in paragraph 192 of the Complaint.

202. Edward-Elmhurst admits only that plaintiffs selectively quote the Office of Civil Rights at HHS bulletin titled "Use of Online Tracking Technologies by HIPAA Covered Entities and Business Associates," which the United States District Court for the Northern District of Texas held should be invalidated, at least in part. *See Am. Hosp. Assn. v. Becerra*, --- F.Supp.3d ----, 2024 WL 3075865 (N.D. Tx. June 20, 2024). Edward-Elmhurst denies the remaining allegations contained in paragraph 193 of the Complaint.

203. Edward-Elmhurst admits only that plaintiffs selectively quote the Office of Civil Rights at HHS bulletin titled "Use of Online Tracking Technologies by HIPAA Covered Entities and Business Associates," which the United States District Court for the Northern District of Texas held should be invalidated, at least in part. *See Am. Hosp. Assn. v. Becerra*, --- F.Supp.3d ----, 2024 WL 3075865 (N.D. Tx. June 20, 2024). Edward-Elmhurst denies the remaining allegations contained in paragraph 194 of the Complaint.

[Response to paragraph 195 intentionally omitted as no paragraph 195 found within the Complaint]

204. Edward-Elmhurst admits only that plaintiffs cite the Office of Civil Rights at HHS bulletin titled "Use of Online Tracking Technologies by HIPAA Covered Entities and Business Associates," which the United States District Court for the Northern District of Texas held should be invalidated, at least in part. *See Am. Hosp. Assn. v. Becerra*, --- F.Supp.3d ----, 2024 WL 3075865 (N.D. Tx. June 20, 2024). Edward-Elmhurst denies the remaining allegations contained in paragraph 196 of the Complaint.

205. Edward-Elmhurst lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 197 of the Complaint and so denies them.

206. Edward-Elmhurst admits only that plaintiffs cite various articles and webpages which they purport support their allegations. Edward-Elmhurst states that the contents of these articles and webpages speak for themselves, denies plaintiffs' characterization of the contents, and denies the remaining allegations of paragraph 198.

207. Edward-Elmhurst admits only that plaintiffs selectively quote the Office of Civil Rights at HHS bulletin titled "Use of Online Tracking Technologies by HIPAA Covered Entities and Business Associates," which the United States District Court for the Northern District of Texas held should be invalidated, at least in part. *See Am. Hosp. Assn. v. Becerra*, --- F.Supp.3d ----, 2024 WL 3075865 (N.D. Tx. June 20, 2024). Edward-Elmhurst denies the remaining allegations contained in paragraph 199 of the Complaint.

208. Edward-Elmhurst denies the allegations contained in paragraph 200 of the Complaint.

209. Edward-Elmhurst denies the allegations contained in paragraph 201 of the Complaint.

210. Edward-Elmhurst states that the allegations contained in paragraph 202 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Edward-Elmhurst denies the allegations contained therein.

211. Edward-Elmhurst states that the allegations contained in paragraph 203 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Edward-Elmhurst denies the allegations contained therein.

212. For its response to paragraph 204 of the Complaint, Edward Elmhurst admits only that plaintiffs selectively quote 45 C.F.R. § 160.103, the contents of which speak for themselves.

213. For its response to paragraph 205 of the Complaint, Edward Elmhurst admits only that plaintiffs selectively quote 45 C.F.R. § 160.103, the contents of which speak for themselves.

214. For its response to paragraph 206 of the Complaint, Edward Elmhurst admits only that plaintiffs selectively quote 45 C.F.R. § 160.514, the contents of which speak for themselves.

215. Edward-Elmhurst states that the allegations contained in paragraph 207 of the Complaint are legal conclusions which require no response. To the extent a response is required, Edward-Elmhurst states that plaintiffs cite 45 C.F.R. §§ 160.103 and 45 C.F.R. §§ 164.502 which purport to support their allegations. Edward-Elmhurst states that these regulations speak for themselves, denies plaintiffs' characterization of the regulations, and denies the remaining allegations contained therein.

216. Edward-Elmhurst states that the allegations contained in paragraph 208 of the Complaint are legal conclusions which require no response. To the extent a response is required, Edward-Elmhurst denies the allegations contained therein.

217. Edward-Elmhurst admits only that plaintiffs selectively quote *Guidance Regarding Methods for De-Identification of Protected Health Information in Accordance with the Health Insurance Portability and Accountability Act (HIPAA) Privacy Rule*, the contents of which speak for themselves. Edward-Elmhurst denies plaintiffs' characterization of these contents, and denies the remaining allegations contained in paragraph 209 of the Complaint.

218. Edward-Elmhurst admits only that plaintiffs selectively quote *Marketing*, the contents of which speak for themselves. Edward-Elmhurst denies plaintiffs' characterization of these contents, and denies the remaining allegations contained in paragraph 210 of the Complaint.

219. Edward-Elmhurst denies the allegations contained in paragraph 211 of the Complaint.

220. For its response to paragraph 212, Edward-Elmhurst admits only that plaintiffs selectively quote 42 U.S.C. §1320(d)(6), the contents of which speak for themselves.

221. Edward-Elmhurst admits only that plaintiffs selectively quote 42 U.S.C. § 1320(d)(6)(b), the contents of which speak for themselves. Edward-Elmhurst denies plaintiffs' characterization of these contents, and denies the remaining allegations contained in paragraph 213.

222. Edward-Elmhurst admits only that plaintiffs selectively quote 45 C.F.R. § 164.306(c) and 45 C.F.R. § 164.312(a)(1), the contents of which speak for themselves. Edward-Elmhurst denies plaintiffs' characterization of these contents, and denies the remaining allegations contained in paragraph 214 of the Complaint.

223. Edward-Elmhurst states that the allegations contained in paragraph 215 of the Complaint are legal conclusions which require no response. To the extent a response is required, Edward-Elmhurst denies the allegations contained therein.

224. Edward-Elmhurst denies the allegations contained in paragraph 216 of the Complaint.

225. Edward-Elmhurst denies the allegations contained in paragraph 217 of the Complaint.

226. Edward-Elmhurst admits only that plaintiffs selectively quote *Deeply Troubled: Security experts worry about Facebook trackers on hospital sites*, the contents of which speak for themselves. Edward-Elmhurst denies plaintiffs' characterization of these contents, and denies the remaining allegations contained in paragraph 218 of the Complaint.

227. Edward-Elmhurst denies the allegations contained in paragraph 219 of the Complaint.

228. Edward-Elmhurst denies the allegations contained in paragraph 220 of the Complaint.

229. For its response to paragraph 221, Edward-Elmhurst admits only that plaintiffs selectively quote the Meta 2022 Annual Report, the contents of which speak for themselves.

230. Edward-Elmhurst denies the allegations contained in paragraph 222 of the Complaint.

231. Edward-Elmhurst denies the allegations contained in paragraph 223 of the Complaint.

232. Edward-Elmhurst states that the allegations contained in paragraph 224 of the Complaint are legal conclusions which require no response. To the extent a response is required, Edward-Elmhurst denies the allegations contained therein.

233. Edward-Elmhurst denies the allegations contained in paragraph 225 of the Complaint.

234. Edward-Elmhurst denies the allegations contained in paragraph 226 of the Complaint.

235. Edward-Elmhurst denies the allegations contained in paragraph 227 of the Complaint.

236. Edward-Elmhurst admits only that plaintiffs selectively quote a webpage, the contents of which speak for themselves. Edward-Elmhurst denies plaintiffs' characterization of those contents, and denies the remaining allegations contained in paragraph 228 of the Complaint.

237. Edward-Elmhurst admits only that plaintiffs cite a blog post, the contents of which speak for themselves. Edward-Elmhurst denies plaintiffs' characterization of those contents, and denies the remaining allegations contained in paragraph 229 of the Complaint.

238. Edward Elmhurst admits only that plaintiffs cite an article, the contents of which speak for themselves. Edward-Elmhurst denies plaintiffs' characterization of those contents, and denies the remaining allegations contained in paragraph 230 of the Complaint.

239. Edward Elmhurst admits only that plaintiffs cite an article, the contents of which speak for themselves. Edward-Elmhurst denies plaintiffs' characterization of those contents, and denies the remaining allegations contained in paragraph 231 of the Complaint.

240. Edward-Elmhurst denies the allegations contained in paragraph 232 of the Complaint.

241. Edward-Elmhurst denies the allegations contained in paragraph 233 of the Complaint.

242. Edward-Elmhurst denies the allegations contained in paragraph 234 of the Complaint.

243. Edward-Elmhurst denies the allegations contained in paragraph 235 of the Complaint.

244. Edward-Elmhurst denies the allegations contained in paragraph 236 of the Complaint.

245. Edward-Elmhurst denies the allegations contained in paragraph 237 of the Complaint.

246. Edward-Elmhurst denies the allegations contained in paragraph 238 of the Complaint.

247. Edward-Elmhurst admits only that plaintiffs cite *How much is Your Data Worth? And How Much is Your Data Worth? The Complete Breakdown*, the contents of which speak for themselves. Edward-Elmhurst denies plaintiffs' characterization of these contents, and denies the remaining allegations contained in paragraph 239 of the Complaint.

248. Edward-Elmhurst admits only that plaintiffs cite *Top Industries and Companies That Use Your Data*, the contents of which speak for themselves. Edward-Elmhurst denies plaintiffs' characterization of these contents, and denies the remaining allegations contained in paragraph 240 of the Complaint.

249. Edward-Elmhurst admits only that plaintiffs selectively quote *The Dangers of Electronic Health Records*, the contents of which speak for themselves. Edward-Elmhurst denies plaintiffs' characterization of these contents, and denies the remaining allegations contained in paragraph 241 of the Complaint.

250. Edward-Elmhurst admits only that plaintiffs selectively quote *Hospital Execs Say They Are Getting Flooded with Requests for Your Health Data*, the contents of which speak for themselves. Edward-Elmhurst denies plaintiffs' characterization of these contents, and denies the remaining allegations contained in paragraph 242 of the Complaint.

251. Edward-Elmhurst admits only that plaintiffs appear to selectively quote *Hospital Execs Say They Are Getting Flooded with Requests for Your Health Data*, the contents of which speak for themselves. Edward-Elmhurst denies plaintiffs' characterization of these contents, and denies the remaining allegations contained in paragraph 243 of the Complaint.

252. Edward-Elmhurst admits only that plaintiffs cite *Hospital Execs Say They Are Getting Flooded with Requests for Your Health Data*, the contents of which speak for themselves. Edward-Elmhurst denies plaintiffs' characterization of these contents, and denies the remaining allegations contained in paragraph 244 of the Complaint.

253. Edward-Elmhurst admits only that plaintiffs selectively quote *How Your Medical Data Fuels a Hidden Multi-Billion Dollar Industry*, the contents of which speak for themselves. Edward-Elmhurst denies plaintiffs' characterization of these contents, and denies the remaining allegations contained in paragraph 245 of the Complaint.

254. Edward-Elmhurst admits only that plaintiffs cite *10 Apps for Selling Your Data for Cash*, the contents of which speak for themselves. Edward-Elmhurst denies plaintiffs' characterization of these contents, and denies the remaining allegations contained in paragraph 246.

255. Edward-Elmhurst denies the allegations contained in paragraph 247 of the Complaint.

256. Edward-Elmhurst denies the allegations contained in paragraph 248 of the Complaint.

257. Edward-Elmhurst denies the allegations contained in paragraph 249 of the Complaint.

258. Edward-Elmhurst denies the allegations contained in paragraph 250 of the Complaint.

259. Edward-Elmhurst acknowledges the importance of doctor-patient confidentiality, and denies the remaining allegations contained in paragraph 251 of the Complaint.

260. Edward-Elmhurst acknowledges the importance of doctor-patient confidentiality, and denies the remaining allegations contained in paragraph 252 of the Complaint.

261. For its response to paragraph 253 of the Complaint, Edward-Elmhurst states that the American Medical Association's Code of Medical Ethics speak for themselves.

262. Edward-Elmhurst admits only that paragraph 254 of the Complaint cites American Medical Association's Code of Ethics Opinion 3.1.1, the contents of which speak for themselves.

263. Edward-Elmhurst admits only that paragraph 255 of the Complaint cites American Medical Association's Code of Ethics Opinion 3.2.4, the contents of which speak for themselves.

264. Edward-Elmhurst admits only that paragraph 256 of the Complaint cites American Medical Association's Code of Ethics Opinion 3.3.2, the contents of which speak for themselves.

265. Edward-Elmhurst lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 257 and therefore denies the same.

266. Edward-Elmhurst denies the allegations contained in paragraph 258 of the Complaint.

267. Edward-Elmhurst lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 259 and therefore denies the same.

268. Edward Elmhurst admits only that plaintiffs cite an article which they purport supports their allegations. Edward-Elmhurst states that the contents of the article speak for themselves, denies plaintiffs' characterization of those contents, and denies the remaining allegations contained in paragraph 260 of the Complaint.

269. Edward-Elmhurst lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 261 and therefore denies the same.

270. Edward-Elmhurst denies the allegations contained in paragraph 262 of the Complaint.

271. Edward Elmhurst admits only that plaintiffs cite an article which they purport supports their allegations. Edward-Elmhurst states that the contents of the article speak for themselves, denies plaintiffs' characterization of those contents, and denies the remaining allegations contained in paragraph 263 of the Complaint.

272. Edward-Elmhurst states that the allegations contained in paragraph 264 of the Complaint are legal conclusions requiring no response. To the extent a response is required, Edward-Elmhurst denies the allegations contained therein.

273. Edward-Elmhurst admits only that plaintiffs cite *Guidance Regarding Methods for De-Identification of Protected Health Information in Accordance with the Health Insurance Portability and Accountability Act (HIPAA) Privacy Rule*, the contents of which speak for themselves. Edward-Elmhurst denies plaintiffs' characterization of these contents, and denies the remaining allegations contained in paragraph 265 of the Complaint.

274. Edward-Elmhurst denies the allegations contained in paragraph 266 of the Complaint.

275. Edward-Elmhurst admits only that plaintiffs selectively quote 45 C.F.R. § 164.514(2)(ii) and cite 45 C.F.R. § 164.514(b)(2)(i)(O), the contents of which speak for themselves. Edward-Elmhurst denies plaintiffs' characterization of these contents, and denies the remaining allegations contained in paragraph 267 of the Complaint.

276. Edward-Elmhurst denies the allegations contained in paragraph 268 of the Complaint.

277. Edward-Elmhurst admits only that IP addresses are used to facilitate communications over the internet and denies the remaining allegations of paragraph 269 of the Complaint.

278. Edward-Elmhurst admits only that IP addresses are used to facilitate communications over the internet and denies the remaining allegations of paragraph 270 of the Complaint.

279. Edward-Elmhurst admits only that IP addresses are used to facilitate communications over the internet and denies the remaining allegations of paragraph 271 of the Complaint.

280. Edward-Elmhurst lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 272 and therefore denies the same.

281. Edward-Elmhurst lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 273 and therefore denies the same.

282. Edward-Elmhurst lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 274 and therefore denies the same.

283. Edward-Elmhurst denies the allegations contained in paragraph 275 of the Complaint.

284. Edward-Elmhurst admits only that plaintiffs selectively quote 45 C.F.R. § 164.514 (2), the contents of which speak for themselves. Edward-Elmhurst denies plaintiffs' characterization of those contents, and denies the remaining allegations contained in paragraph 276.

285. Edward-Elmhurst denies the allegations contained in paragraph 277 of the Complaint.

286. Edward-Elmhurst denies the allegations contained in paragraph 278 of the Complaint.

287. Edward-Elmhurst denies the allegations contained in paragraph 279 of the Complaint.

288. Edward-Elmhurst denies the allegations contained in paragraph 280 of the Complaint.

289. Edward-Elmhurst denies the allegations contained in paragraph 281 of the Compliant.

290. Edward-Elmhurst denies the allegations contained in paragraph 282 of the Complaint.

291. Edward-Elmhurst admits only that plaintiffs selectively quote *White is the Meta Pixel*, the contents of which speak for themselves. Edward-Elmhurst denies plaintiffs' characterization of those contents, and denies the remaining allegations contained in paragraph 283.

292. Edward-Elmhurst admits only that plaintiffs selectively quote *Healthcare Provider Issues Warning After Tracking Pixels Leak Patient Data*, the contents of which speak for themselves. Edward-Elmhurst denies plaintiffs' characterization of those contents, and denies the remaining allegations contained in paragraph 284 of the Complaint.

293. Edward-Elmhurst admits only that plaintiffs cite *The Complex World of Healthcare Retargeting*, the contents of which speak for themselves. Edward-Elmhurst denies plaintiffs' characterization of those contents, and denies the remaining allegations contained in paragraph 285 of the Complaint.

294. Edward-Elmhurst admits only that plaintiffs cite *How to Make Facebook Ads HIPAA Compliant and Still Get Conversion Tracking*, the contents of which speak for themselves.

Edward-Elmhurst denies plaintiffs' characterization of those contents, and denies the remaining allegations contained in paragraph 286 (pg. 66) of the Complaint.

295. Edward-Elmhurst admits only that plaintiffs selectively quote *How to Make Facebook Ads HIPAA Compliant and Still Get Conversion Tracking*, the contents of which speak for themselves. Edward-Elmhurst denies plaintiffs' characterization of those contents, and denies the remaining allegations contained in paragraph 287 (pg. 66-67) of the Complaint.

296. Edward-Elmhurst denies the allegations contained in paragraph 288 (pg. 67, 1st).

297. Edward-Elmhurst denies the allegations contained in paragraph 289 (pg. 67, 1st).

298. Edward-Elmhurst denies the allegations contained in paragraph 286 (pg. 67).

299. Edward-Elmhurst lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 287 (pg. 67) and thus denies them.

300. Edward-Elmhurst lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 288 (pg. 67, 2nd) and thus denies them.

301. Edward-Elmhurst denies the allegations contained in paragraph 289 (pgs. 67-68, 2nd).

302. Edward-Elmhurst denies the allegations contained in paragraph 290 (pg. 68).

303. Edward-Elmhurst denies the allegations contained in paragraph 291 (pgs. 68-60).

304. Edward-Elmhurst denies the allegations contained in paragraph 286 (pg. 69).

305. Edward-Elmhurst denies the allegations contained in paragraph 287 (pgs. 69-71).

306. Edward-Elmhurst denies the allegations contained in paragraph 288 (pg. 71)

307. Edward-Elmhurst denies the allegations contained in paragraph 289 (pg. 71).

308. Edward-Elmhurst lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 290 (pg. 71) and thus denies them.

309. Edward-Elmhurst lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 291 (pg. 71) and thus denies them.

310. Edward-Elmhurst lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 292 and therefore denies them.

311. Edward-Elmhurst lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 293 and therefore denies them.

312. Edward-Elmhurst denies the allegations contained in paragraph 294 of the Complaint.

313. Edward-Elmhurst denies the allegations contained in paragraph 295 of the Complaint.

314. Edward-Elmhurst denies the allegations contained in paragraph 296 of the Complaint.

315. Edward-Elmhurst lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 297 and therefore denies them.

316. Edward-Elmhurst denies the allegations contained in paragraph 298 of the Complaint.

317. Edward-Elmhurst lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 299 and therefore denies them.

318. Edward-Elmhurst lacks knowledge of information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 300 and therefore denies them.

319. Edward-Elmhurst denies the allegations contained in paragraph 301 of the Complaint.

320. Edward-Elmhurst denies the allegations contained in paragraph 302 of the Complaint.

321. Edward-Elmhurst denies the allegations contained in paragraph 303 of the Complaint.

322. Edward-Elmhurst denies the allegations contained in paragraph 304 of the Complaint.

323. Edward-Elmhurst denies the allegations contained in paragraph 305 of the Complaint.

324. Edward-Elmhurst denies the allegations contained in paragraph 306 of the Complaint.

325. Edward-Elmhurst denies the allegations contained in paragraph 307 of the Complaint.

326. Edward-Elmhurst lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 308 and therefore denies them.

327. Edward-Elmhurst lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 309 and therefore denies them.

328. Edward-Elmhurst lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 310 and therefore denies them.

329. Edward-Elmhurst denies the allegations contained in paragraph 311 of the Complaint.

330. Edward-Elmhurst denies the allegations contained in paragraph 312 of the Complaint.

331. Edward-Elmhurst denies the allegations contained in paragraph 313 of the Complaint.

332. Edward-Elmhurst lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 314 and therefore denies them.

**TOLLING**

333. Edward-Elmhurst denies the allegations contained in paragraph 315 of the Complaint.

**CLASS ACTION ALLEGATIONS**

334. Edward-Elmhurst admits only that plaintiffs seek to bring this case on behalf of themselves and the putative classes defined in paragraph 317 and 318 of the Complaint. Edward-Elmhurst denies that this case can be maintained as a class action under any class definition.

335. Edward-Elmhurst admits only that plaintiffs seek to bring this case on behalf of a putative nationwide class of individuals defined in paragraph 317 of the Complaint. Edward-Elmhurst denies that this case can be maintained as a class action under any class definition.

336. Edward-Elmhurst admits only that plaintiffs seek to bring this case on behalf of a putative sub-class of individuals defined in paragraph 318 of the Complaint. Edward-Elmhurst denies that this case can be maintained as a class action under any class definition.

337. Edward-Elmhurst admits only that plaintiffs collectively refer to the putative classes defined in paragraphs 317 and 318 of the Complaint as the "Classes." Edward-Elmhurst denies that this case can be maintained as a class action under any class definition.

338. For its response to paragraph 320 of the Complaint, Edward-Elmhurst denies that this case can be maintained as a class action regardless of how defined.

339. Edward-Elmhurst denies the allegations contained in paragraph 321 of the Complaint.

340. Edward-Elmhurst denies the allegations contained in paragraph 322 of the Complaint.

341. Edward-Elmhurst denies the allegations contained in paragraph 323 of the Complaint.

342. Edward-Elmhurst denies the allegations contained in paragraph 324 of the Complaint.

343. Edward-Elmhurst denies the allegations contained in paragraph 325 of the Complaint.

344. Edward-Elmhurst denies the allegations contained in paragraph 326 of the Complaint.

345. Edward-Elmhurst denies the allegations contained in paragraph 327 of the Complaint.

346. Edward-Elmhurst states the allegations contained in paragraph 328 are duplicative of those contained in paragraph 329. Edward-Elmhurst lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

347. Edward-Elmhurst states the allegations contained in paragraph 329 are duplicative of those contained in paragraph 328. Edward-Elmhurst lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

348. Edward-Elmhurst lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 330 of the Complaint and so denies them.

349. Edward-Elmhurst states that the allegations contained in paragraph 331 are legal conclusions which require no response. To the extent a response is required, Edward-Elmhurst admits only to being a non-profit entity registered with the state of Illinois, and denies the remaining allegations contained therein.

350. Edward-Elmhurst denies the allegations contained in paragraph 332 of the Complaint.

351. Edward-Elmhurst denies the allegations contained in paragraph 333 of the Complaint.

352. Edward-Elmhurst denies the allegations contained in paragraph 334 of the Complaint.

## COUNT I

353. Edward-Elmhurst incorporates the responses to the foregoing paragraphs as if fully set forth herein.

354. Edward-Elmhurst states the allegations contained in paragraph 336 of the Complaint are legal conclusions to which no response is required. To the extent that a response is required, Edward-Elmhurst denies the allegations contained therein.

355. Edward-Elmhurst states the allegations contained in paragraph 337 of the Complaint are legal conclusions to which no response is required. To the extent that a response is required, Edward-Elmhurst denies the allegations contained therein.

356. Edward-Elmhurst states the allegations contained in paragraph 338 of the Complaint are legal conclusions to which no response is required. To the extent that a response is required, Edward-Elmhurst denies the allegations contained therein.

357. Edward-Elmhurst denies the allegations contained in paragraph 339 of the Complaint.

358. Edward-Elmhurst denies the allegations contained in paragraph 340 of the Complaint.

359. Edward-Elmhurst denies the allegations contained in paragraph 341 of the Complaint.

360. Edward-Elmhurst denies the allegations contained in paragraph 342 of the Complaint.

361. Edward-Elmhurst denies the allegations contained in paragraph 343 of the Complaint.

362. Edward-Elmhurst denies the allegations contained in paragraph 344 of the Complaint.

363. Edward-Elmhurst denies the allegations contained in paragraph 345 of the Complaint.

364. Edward-Elmhurst denies the allegations contained in paragraph 346 of the Complaint.

365. Edward-Elmhurst denies the allegations contained in paragraph 347 of the Complaint.

366. Edward-Elmhurst denies the allegations contained in paragraph 348 of the Complaint.

367. Edward-Elmhurst denies the allegations contained in paragraph 349 of the Complaint.

368. Edward-Elmhurst denies the allegations contained in paragraph 350 of the Complaint.

369. Edward-Elmhurst denies the allegations contained in paragraph 351 of the Complaint.

370. Edward-Elmhurst states the allegations contained in paragraph 352 of the Complaint are legal conclusions to which no response is required. To the extent that a response is required, Edward-Elmhurst denies the allegations contained therein.

371. Edward-Elmhurst states the allegations contained in paragraph 353 of the Complaint are legal conclusions to which no response is required. To the extent that a response is required, Edward-Elmhurst denies the allegations contained therein.

372. Edward-Elmhurst denies the allegations contained in paragraph 354 of the Complaint.

373. Edward-Elmhurst denies the allegations contained in paragraph 355 of the Complaint.

374. Edward-Elmhurst denies the allegations contained in paragraph 356 of the Complaint.

375. Edward-Elmhurst denies the allegations contained in paragraph 357 (pg. 85).

376. Edward-Elmhurst denies the allegations contained in paragraph 358 (pg. 85-86).

377. Edward-Elmhurst denies the allegations contained in paragraph 359 (pg. 86).

378. Edward-Elmhurst denies the allegations contained in paragraph 360 (pg. 86-87).

379. Edward-Elmhurst denies the allegations contained in paragraph 361 (pg. 87).

380. Edward-Elmhurst denies the allegations contained in paragraph 362 (pg. 87).

381. Edward-Elmhurst denies the allegations contained in paragraph 363 (pg. 87-88).

382. Edward-Elmhurst denies that plaintiffs are entitled to any of the relief they seek, and denies the remaining allegations contained in paragraph 364 (pg. 88) of the Complaint.

**COUNT II**

383. Pursuant to the Court's Order and Opinion dated February 21, 2025 (Dkt. # 53), Count II of the Complaint is dismissed so no response to paragraph 357 (pg. 88) is required.

384. Pursuant to the Court's Order and Opinion dated February 21, 2025 (Dkt. # 53), Count II of the Complaint is dismissed so no response to paragraph 358 (pg. 88) is required.

385. Pursuant to the Court's Order and Opinion dated February 21, 2025 (Dkt. # 53), Count II of the Complaint is dismissed so no response to paragraph 359 (pg. 88) is required.

386. Pursuant to the Court's Order and Opinion dated February 21, 2025 (Dkt. # 53), Count II of the Complaint is dismissed so no response to paragraph 360 (pgs. 88-89) is required.

387. Pursuant to the Court's Order and Opinion dated February 21, 2025 (Dkt. # 53), Count II of the Complaint is dismissed so no response to paragraph 361 (pg. 89) is required.

388. Pursuant to the Court's Order and Opinion dated February 21, 2025 (Dkt. # 53), Count II of the Complaint is dismissed so no response to paragraph 361 (pg. 89) is required.

389. Pursuant to the Court's Order and Opinion dated February 21, 2025 (Dkt. # 53), Count II of the Complaint is dismissed so no response to paragraph 362 (pg. 89) is required.

390. Pursuant to the Court's Order and Opinion dated February 21, 2025 (Dkt. # 53), Count II of the Complaint is dismissed so no response to paragraph 363 (pg. 89) is required.

391. Pursuant to the Court's Order and Opinion dated February 21, 2025 (Dkt. # 53), Count II of the Complaint is dismissed so no response to paragraph 364 (pg. 89-90) is required.

392. Pursuant to the Court's Order and Opinion dated February 21, 2025 (Dkt. # 53), Count II of the Complaint is dismissed so no response to paragraph 365 is required.

393. Pursuant to the Court's Order and Opinion dated February 21, 2025 (Dkt. # 53), Count II of the Complaint is dismissed so no response to paragraph 366 is required.

394. Pursuant to the Court's Order and Opinion dated February 21, 2025 (Dkt. # 53), Count II of the Complaint is dismissed so no response to paragraph 367 is required.

395. Pursuant to the Court's Order and Opinion dated February 21, 2025 (Dkt. # 53), Count II of the Complaint is dismissed so no response to paragraph 368 is required.

396. Pursuant to the Court's Order and Opinion dated February 21, 2025 (Dkt. # 53), Count II of the Complaint is dismissed so no response to paragraph 369 is required.

397. Pursuant to the Court's Order and Opinion dated February 21, 2025 (Dkt. # 53), Count II of the Complaint is dismissed so no response to paragraph 370 is required.

398. Pursuant to the Court's Order and Opinion dated February 21, 2025 (Dkt. # 53), Count II of the Complaint is dismissed so no response to paragraph 371 is required.

**COUNT III**

399. Pursuant to the Court's Order and Opinion dated February 21, 2025 (Dkt. # 53), Count III of the Complaint is dismissed so no response to paragraph 372 is required.

400. Pursuant to the Court's Order and Opinion dated February 21, 2025 (Dkt. # 53), Count III of the Complaint is dismissed so no response to paragraph 373 is required.

401. Pursuant to the Court's Order and Opinion dated February 21, 2025 (Dkt. # 53), Count III of the Complaint is dismissed so no response to paragraph 374 is required.

402. Pursuant to the Court's Order and Opinion dated February 21, 2025 (Dkt. # 53), Count III of the Complaint is dismissed so no response to paragraph 375 is required.

403. Pursuant to the Court's Order and Opinion dated February 21, 2025 (Dkt. # 53), Count III of the Complaint is dismissed so no response to paragraph 376 is required.

404. Pursuant to the Court's Order and Opinion dated February 21, 2025 (Dkt. # 53), Count III of the Complaint is dismissed so no response to paragraph 377 is required.

405. Pursuant to the Court's Order and Opinion dated February 21, 2025 (Dkt. # 53), Count III of the Complaint is dismissed so no response to paragraph 378 is required.

406. Pursuant to the Court's Order and Opinion dated February 21, 2025 (Dkt. # 53), Count III of the Complaint is dismissed so no response to paragraph 379 is required.

407. Pursuant to the Court's Order and Opinion dated February 21, 2025 (Dkt. # 53), Count III of the Complaint is dismissed so no response to paragraph 380 is required.

408. Pursuant to the Court's Order and Opinion dated February 21, 2025 (Dkt. # 53), Count III of the Complaint is dismissed so no response to paragraph 381 is required.

409. Pursuant to the Court's Order and Opinion dated February 21, 2025 (Dkt. # 53), Count III of the Complaint is dismissed so no response to paragraph 382 is required.

410. Pursuant to the Court's Order and Opinion dated February 21, 2025 (Dkt. # 53), Count III of the Complaint is dismissed so no response to paragraph 383 is required.

411. Pursuant to the Court's Order and Opinion dated February 21, 2025 (Dkt. # 53), Count III of the Complaint is dismissed so no response to paragraph 384 is required.

412. Pursuant to the Court's Order and Opinion dated February 21, 2025 (Dkt. # 53), Count III of the Complaint is dismissed so no response to paragraph 385 is required.

413. Pursuant to the Court's Order and Opinion dated February 21, 2025 (Dkt. # 53), Count III of the Complaint is dismissed so no response to paragraph 386 is required.

414. Pursuant to the Court's Order and Opinion dated February 21, 2025 (Dkt. # 53), Count III of the Complaint is dismissed so no response to paragraph 387 is required.

415. Pursuant to the Court's Order and Opinion dated February 21, 2025 (Dkt. # 53), Count III of the Complaint is dismissed so no response to paragraph 388 is required.

416. Pursuant to the Court's Order and Opinion dated February 21, 2025 (Dkt. # 53), Count III of the Complaint is dismissed so no response to paragraph 389 is required.

417. Pursuant to the Court's Order and Opinion dated February 21, 2025 (Dkt. # 53), Count III of the Complaint is dismissed so no response to paragraph 390 is required.

418. Pursuant to the Court's Order and Opinion dated February 21, 2025 (Dkt. # 53), Count III of the Complaint is dismissed so no response to paragraph 391 is required.

419. Pursuant to the Court's Order and Opinion dated February 21, 2025 (Dkt. # 53), Count III of the Complaint is dismissed so no response to paragraph 392 is required.

**COUNT IV**

420. Pursuant to the Court's Order and Opinion dated February 21, 2025 (Dkt. # 53), Count IV of the Complaint is dismissed so no response to paragraph 393 is required.

421. Pursuant to the Court's Order and Opinion dated February 21, 2025 (Dkt. # 53), Count IV of the Complaint is dismissed so no response to paragraph 394 is required.

422. Pursuant to the Court's Order and Opinion dated February 21, 2025 (Dkt. # 53), Count IV of the Complaint is dismissed so no response to paragraph 395 is required.

423. Pursuant to the Court's Order and Opinion dated February 21, 2025 (Dkt. # 53), Count IV of the Complaint is dismissed so no response to paragraph 396 is required.

424. Pursuant to the Court's Order and Opinion dated February 21, 2025 (Dkt. # 53), Count IV of the Complaint is dismissed so no response to paragraph 397 is required.

425. Pursuant to the Court's Order and Opinion dated February 21, 2025 (Dkt. # 53), Count IV of the Complaint is dismissed so no response to paragraph 398 is required.

426. Pursuant to the Court's Order and Opinion dated February 21, 2025 (Dkt. # 53), Count IV of the Complaint is dismissed so no response to paragraph 399 is required.

427. Pursuant to the Court's Order and Opinion dated February 21, 2025 (Dkt. # 53), Count IV of the Complaint is dismissed so no response to paragraph 400 is required.

428. Pursuant to the Court's Order and Opinion dated February 21, 2025 (Dkt. # 53), Count IV of the Complaint is dismissed so no response to paragraph 401 is required.

429. Pursuant to the Court's Order and Opinion dated February 21, 2025 (Dkt. # 53), Count IV of the Complaint is dismissed so no response to paragraph 402 is required.

430. Pursuant to the Court's Order and Opinion dated February 21, 2025 (Dkt. # 53), Count IV of the Complaint is dismissed so no response to paragraph 403 is required.

431. Pursuant to the Court's Order and Opinion dated February 21, 2025 (Dkt. # 53), Count IV of the Complaint is dismissed so no response to paragraph 404 is required.

432. Pursuant to the Court's Order and Opinion dated February 21, 2025 (Dkt. # 53), Count IV of the Complaint is dismissed so no response to paragraph 405 is required.

**COUNT V**

433. Pursuant to the Court's Order and Opinion dated February 21, 2025 (Dkt. # 53), Count V of the Complaint is dismissed so no response to paragraph 406 is required.

434. Pursuant to the Court's Order and Opinion dated February 21, 2025 (Dkt. # 53), Count V of the Complaint is dismissed so no response to paragraph 407 is required.

435. Pursuant to the Court's Order and Opinion dated February 21, 2025 (Dkt. # 53), Count V of the Complaint is dismissed so no response to paragraph 408 is required.

436. Pursuant to the Court's Order and Opinion dated February 21, 2025 (Dkt. # 53), Count V of the Complaint is dismissed so no response to paragraph 409 is required.

437. Pursuant to the Court's Order and Opinion dated February 21, 2025 (Dkt. # 53), Count V of the Complaint is dismissed so no response to paragraph 410 is required.

438. Pursuant to the Court's Order and Opinion dated February 21, 2025 (Dkt. # 53), Count V of the Complaint is dismissed so no response to paragraph 411 is required.

439. Pursuant to the Court's Order and Opinion dated February 21, 2025 (Dkt. # 53), Count V of the Complaint is dismissed so no response to paragraph 412 is required.

440. Pursuant to the Court's Order and Opinion dated February 21, 2025 (Dkt. # 53), Count V of the Complaint is dismissed so no response to paragraph 413 is required.

**COUNT VI**

441. Pursuant to the Court's Order and Opinion dated February 21, 2025 (Dkt. # 53), Count VI of the Complaint is dismissed so no response to paragraph 414 is required.

442. Pursuant to the Court's Order and Opinion dated February 21, 2025 (Dkt. # 53), Count VI of the Complaint is dismissed so no response to paragraph 415 is required.

443. Pursuant to the Court's Order and Opinion dated February 21, 2025 (Dkt. # 53), Count VI of the Complaint is dismissed so no response to paragraph 416 is required.

444. Pursuant to the Court's Order and Opinion dated February 21, 2025 (Dkt. # 53), Count VI of the Complaint is dismissed so no response to paragraph 417 is required.

445. Pursuant to the Court's Order and Opinion dated February 21, 2025 (Dkt. # 53), Count VI of the Complaint is dismissed so no response to paragraph 418 is required.

446. Pursuant to the Court's Order and Opinion dated February 21, 2025 (Dkt. # 53), Count VI of the Complaint is dismissed so no response to paragraph 419 is required.

447. Pursuant to the Court's Order and Opinion dated February 21, 2025 (Dkt. # 53), Count VI of the Complaint is dismissed so no response to paragraph 420 is required.

448. Pursuant to the Court's Order and Opinion dated February 21, 2025 (Dkt. # 53), Count VI of the Complaint is dismissed so no response to paragraph 421 is required.

449. Pursuant to the Court's Order and Opinion dated February 21, 2025 (Dkt. # 53), Count VI of the Complaint is dismissed so no response to paragraph 422 is required.

450. Pursuant to the Court's Order and Opinion dated February 21, 2025 (Dkt. # 53), Count VI of the Complaint is dismissed so no response to paragraph 423 is required.

451. Pursuant to the Court's Order and Opinion dated February 21, 2025 (Dkt. # 53), Count VI of the Complaint is dismissed so no response to paragraph 424 is required.

**COUNT VII**

452. Pursuant to the Court's Order and Opinion dated February 21, 2025 (Dkt. # 53), Count VII of the Complaint is dismissed so no response to paragraph 425 is required.

453. Pursuant to the Court's Order and Opinion dated February 21, 2025 (Dkt. # 53), Count VII of the Complaint is dismissed so no response to paragraph 426 is required.

454. Pursuant to the Court's Order and Opinion dated February 21, 2025 (Dkt. # 53), Count VII of the Complaint is dismissed so no response to paragraph 427 is required.

455. Pursuant to the Court's Order and Opinion dated February 21, 2025 (Dkt. # 53), Count VII of the Complaint is dismissed so no response to paragraph 428 is required.

456. Pursuant to the Court's Order and Opinion dated February 21, 2025 (Dkt. # 53), Count VII of the Complaint is dismissed so no response to paragraph 429 is required.

457. Pursuant to the Court's Order and Opinion dated February 21, 2025 (Dkt. # 53), Count VII of the Complaint is dismissed so no response to paragraph 430 is required.

458. Pursuant to the Court's Order and Opinion dated February 21, 2025 (Dkt. # 53), Count VII of the Complaint is dismissed so no response to paragraph 431 is required.

**COUNT VIII**

459. Edward-Elmhurst incorporates the responses to the foregoing paragraphs as if fully set forth herein and denies the remaining allegations contained in paragraph 432 of the Complaint.

460. Edward-Elmhurst denies the allegations contained in paragraph 433 of the Complaint.

461. Edward-Elmhurst denies the allegations contained in paragraph 434 of the Complaint.

462. Edward-Elmhurst admits only that plaintiffs selectively quote 45 C.F.R. § 164.530(c)(1), the contents of which speak for themselves. Edward-Elmhurst denies the remaining allegations contained in paragraph 435 of the Complaint.

463. Edward-Elmhurst denies the allegations contained in paragraph 436 of the Complaint.

464. Edward-Elmhurst admits only that plaintiffs selectively quote the version of https://www.eehealth.org/privacy-practices/ archived by the Internet Archive's Wayback Machine on May 28, 2022, the contents of which speak for themselves. Edward-Elmhurst denies plaintiffs' characterization of these contents, and denies the remaining allegations contained in paragraph 437 of the Complaint.

465. Edward-Elmhurst denies the allegations contained in paragraph 438 of the Complaint.

466. Edward-Elmhurst denies the allegations contained in paragraph 439 of the Complaint.

467. Edward-Elmhurst denies the allegations contained in paragraph 440 of the Complaint.

468. Edward-Elmhurst denies the allegations contained in paragraph 441 of the Complaint.

469. Edward-Elmhurst states that paragraph 442 of the Complaint already incorporated all other paragraphs as if fully stated in Count VIII, so Edward-Elmhurst incorporates its response to that paragraph as if fully stated herein.

470. Edward-Elmhurst denies the allegations contained in paragraph 443 of the Complaint.

471. Edward-Elmhurst denies the allegations contained in paragraph 444 of the Complaint.

472. Edward-Elmhurst denies the allegations contained in paragraph 445 of the Complaint.

473. Edward-Elmhurst denies the allegations contained in paragraph 446 of the Complaint.

474. Edward-Elmhurst denies the allegations contained in paragraph 447 of the Complaint.

475. Edward-Elmhurst denies the allegations contained in paragraph 448 of the Complaint.

## PRAYER FOR RELIEF

Edward-Elmhurst denies that plaintiffs are entitled to any of the relief they seek in their Prayer for Relief and denies the allegations contained therein.

## DEMAND FOR JURY TRIAL

Edward-Elmhurst demands proof that plaintiffs and the putative classes are entitled to trial by jury on the two remaining claims as a matter of right.

## GENERAL DEFENSE

Edward-Elmhurst denies each allegation in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' remaining claims fail to state a claim for which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil procedure, including for the following reasons: for failing to meet the basic statutory elements of their 18 U.S.C. § 2511)(1) count; for failing to establish Edward-Elmhurst had a criminal or tortious purpose in implementing tracking technologies to facilitate its online marketing; for the fact that Edward-Elmhurst used the alleged tracking technologies in the ordinary course of its business; and for failing to

establish that Edward-Elmhurst owed or breached any duty to exercise reasonable care or to protect the confidentiality of their communications.

2. The Court lacks federal jurisdiction over plaintiffs' state law claims and those of the putative class members under the Class Action Fairness Act (CAFA), as the local controversy and home state exception to CAFA jurisdiction may apply.

3. Plaintiffs' claims and those of the putative class members fail for lack of standing, in that plaintiffs have not alleged, and will not be able to show, an actual, cognizable injury in fact that is fairly traceable to Edward-Elmhurst's alleged misconduct.

4. Plaintiffs' claims and those of the putative class members are barred, either in whole or in part, by the doctrine of consent and/or implied consent, in that their agreement with third parties, including but not limited to Google and/or Facebook, as well as with Edward-Elmhurst, expressly contemplated the disclosures alleged in the Complaint, which are also a routine part and component of the operation of the Internet.

5. Plaintiffs' claims and those of the putative class members are barred, in whole or in part, by the doctrines of superseding and proximate cause, as their alleged damages, to the extent that any such damages occurred, were in fact caused by third parties who are not presently before the Court.

6. Plaintiffs' claims and those of the putative class members may be barred, either in whole or in part, for failing to join any and all necessary and indispensable parties to this action, and for failing to sue the real party in interest to their claims.

7. Plaintiffs' claims and those of the putative class members are barred or reduced by their failure to mitigate damages, as they control the extent to which the information at issue and allegedly disclosed is actually and in fact disclosed to third parties.

8. Plaintiffs' claims and those of the putative class members are barred, in whole or in part, by the doctrine of assumption of risk.

9. Plaintiffs' claims and those of the putative class members are barred, in whole or in part, because at all times Edward-Elmhurst acted in good faith and in compliance with applicable statutes and/or regulations, which negates any potential *mens rea* showing required for plaintiffs' statutory claim.

10. Plaintiffs' claims and those of the putative class are barred, in whole or part, by the First Amendment to the United States Constitution, which is made applicable through the application of judicial power in civil litigation, and which expressly provides that no law shall abridge the freedom of speech.

11. The imposition of aggregated, class-wide damages in this case would be excessive and violate Edward-Elmhurst's due process Constitutional rights.

12. This case is improper for resolution on a class-wide basis because the putative class does not meet the requirements of Rule 23. Specifically, plaintiffs are not adequate representatives of any purported class; their claims are not typical; common questions of law or fact affecting the individual members of the class do not predominate; a class action is neither manageable nor superior; and/or there is no ascertainable class with a community of interest.

13. Plaintiffs' claims and those of the putative class members are or may be barred, either in whole or in part, including with respect to class relief, by the doctrines of waiver, estoppel and/or release, depending upon the facts determined in discovery as to their own particular claims, including related to any potential agreements they may have signed with Edward-Elmhurst, its affiliates, or any other third-party relating to their claims.

14. Plaintiffs' claims and those of the putative class members must be reduced, in whole or in part, by an appropriate set off to the extent that plaintiffs or the putative class members owe any amounts to Edward-Elmhurst or its affiliates.

15. Plaintiffs and the putative class members have suffered no actual injury or legally cognizable damages, and their purported damages, if any, are speculative and/or uncertain and, therefore, not compensable.

16. Plaintiffs' claims and those of the putative class members are barred or may be reduced because they are based on conduct that occurred, if at all, outside of the statute of limitations period for their claims, whether in whole or in part, and because there has been no tolling of the relevant limitations period.

**RESERVATION OF RIGHTS**

Edward-Elmhurst states that the lack of discovery and the aggregated nature of plaintiffs' claims, particularly with respect to absent putative class members, make an analysis of all potential affirmative defenses applicable to any given absent class member impossible at this time. Thus, Edward-Elmhurst expressly reserves the right to assert additional affirmative defenses as this case progresses.

Dated: March 14, 2025

Respectfully submitted,

By: *David Carney*

David Carney
BAKER & HOSTETLER LLP
127 Public Square, Suite 2000
Cleveland, Ohio 44114
Phone: (216) 621-0200
Email: dcarney@bakerlaw.com

Bonnie Keane DelGobbo
BAKER & HOSTETLER LLP
1 North Wacker Drive, Suite 4500
Chicago, Illinois 60606
Phone: (312) 416-6200
Email: bdelgobbo@bakerlaw.com

*Counsel for defendant*
*Edward-Elmhurst Health*