**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| ARNOLD STEIN and DIANE MILLER, *individually and on behalf of all others similarly situated,* Plaintiffs, | Case No. 1:23-cv-14515 |
| v. | |
| EDWARD-ELMHURST HEALTH, Defendant. | The Honorable Steven C. Seeger, Judge |

**NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant Edward-Elmhurst Health respectfully submits the following supplemental authority in support of its motion for reconsideration or in the alternative for interlocutory appeal: *Jane Doe v. Genesis Health System*, 2025 WL 1000192 (C.D. Ill. Mar. 18, 2025) (Hawley, J.).

Most prominently, on plaintiffs' federal Wiretap Act count based on alleged interception, the *Genesis Health System* Court held as follows in dismissing the claim:

> However, under § 2511[2](d), it is not enough that the alleged disclosure may constitute, or result in, a tortious act in violation of federal law. Instead, the language is clear that the interception must be "*for the purpose of committing* … any tortious act . . . ." 18 U.S.C. § 2511(2)(d) (emphasis added). Congress's decision to include that language indicates that the 'crime-or-tort' exception requires a specific intent that the Defendant knew its acts were in violation of HIPAA. By Plaintiff's own account, the 'trackers' were 'used by the Defendant to benefit Genesis Health and its marketing and advertising purposes,' (D. 20 at ECF p. 63), not *for the purpose of* knowingly committing a violation of HIPAA.

*Id.* at *9 (emphasis in original).

Respectfully, this is the correct interpretation of the tortious or criminal conduct exception, as applied to plaintiffs' same basic allegations in this case. (Dkt. # 31, *Am. Compl.* ¶ 278 ("The sole purpose of the use of the Meta Pixel on Defendant's Web Properties was marketing and profits."); *compare id.* at ¶ 29 (alleging that "Defendant's overall intent and purpose in acquiring

Users' personal health data was to increase its ability to market and retarget its Users, thereby increasing its profit *while violating HIPAA, state and federal statutes and common law*") (emphasis added).)

A copy of the *Genesis Health System* is attached as Exhibit A. As stated in its motion, the undersigned counsel remain available to discuss Edward-Elmhurst's Wiretap Act motion further at the convenience of the Court.

Dated: April 18, 2025

Respectfully Submitted,

By: */s/ David Carney*

Bonnie Keane DelGobbo
BAKER & HOSTETLER LLP
One North Wacker Drive, Suite 4500
Chicago, IL 60606
(312) 416-6200
bdelgobbo@bakerlaw.com

David A. Carney
BAKER & HOSTETLER LLP
127 Public Square, Suite 2000
Cleveland, OH 44114
(216) 621-0200
dcarney@bakerlaw.com

*Counsel for Defendant*
*Edward-Elmhurst Health*