**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| ARNOLD STEIN and DIANE MILLER, *individually and on behalf of all others similarly situated,* | Case No. 1:23-cv-14515 |
| Plaintiffs, | The Honorable Steven C. Seeger, Judge |
| v. | **NOTICE OF SUPPLEMENTAL AUTHORITY** |
| EDWARD-ELMHURST HEALTH, | |
| Defendant. | |

Defendant Edward-Elmhurst Health respectfully submits the following supplemental authority to the Court in support of Edward-Elmhurst's motion for reconsideration or in the alternative for section 1292(b) interlocutory appeal: *Goulart v. Cape Cod Healthcare, Inc.*, 2025 WL 1745732 (D. Mass. June 24, 2025).

*Goulart* involved another Meta Pixel complaint against a healthcare provider, this one in Massachusetts. *Id.* at *2. The District of Massachusetts (Stearns, J.) dismissed the plaintiffs' federal Wiretap Act claim as a matter of law under Rule 12(b)(6). *Id.* at *3-4. The court then remanded plaintiffs' remaining alleged state law claims back to state court. *Id.* at *4.

For its decision on the Wiretap Act claim, the Court concluded as follows: "Because there are no factual allegations in the Complaint from which the court could conclude that CCHC, a non-profit hospital system, installed Meta Pixel and software-tracking technology with the 'primary motivation' of knowingly committing a violation of HIPAA or perpetrating a tort, the Complaint fails." *Id.*

In reaching this conclusion, the Court noted plaintiffs had alleged: "[1] CCHC used Meta Pixel and Google's software tools to knowingly disclose information that allows Facebook,

Google, and other advertisers to target patient with ads, *see* SAC ¶ 159"; "[2] "CCHC 'made the decision to barter its patients' PII/PHI because it wanted access to the Meta Pixel tool,' *see* SAC ¶ 162"; and "[3] in exchange for disclosing PII about its patients, CCHC had been 'compensated by Facebook with enhanced online advertising services, including (but not limited to) retargeting and enhanced analytics functions,' *see* SAC ¶ 197."

The Court nonetheless held these factual allegations were insufficient to state a plausible Wiretap Act claim under *Twombly*, because "as previously explained, commercial purposes or advantages are not the stuff of which a crime-tort is made." *Id.* at *4 (emphasis in original).

For this point, the Court had previously cited the Central District of Illinois's decision in *Doe v. Genesis Health System*, 2025 WL 1000192, at *9 (C.D. Ill. Mar. 18, 2025), and the District of Arizona's decision in *Williams v. TMC Health*, 2024 WL 4364150, at *4 (D. Az. Sept. 30, 2024). *See Goulart*, 2025 WL 1745732, at *3.

A copy of the *Goulart* opinion is attached as Exhibit A. Plaintiffs in rebuttal may cite the recent opinion in *Pattison v. Teladoc Health, Inc.*, 2025 WL 1756364, at *3 (S.D.N.Y. June 25, 2025). The continued divergent case law on this vital legal question to healthcare providers, including in particular in Illinois, further supports certifying the question to the Seventh Circuit for immediate appellate review. (*See* Dkt. # 57, Mem. in Supp., at pgs. 10-11 (collecting cases).)

Dated: June 30, 2025

Respectfully Submitted,

By: */s/ David Carney*

David Carney
BAKER & HOSTETLER LLP
127 Public Square, Suite 2000
Cleveland, OH 44114
(216) 621-0200
dcarney@bakerlaw.com

*Counsel for Defendant*
*Edward-Elmhurst Health*

Bonnie Keane DelGobbo
BAKER & HOSTETLER LLP
One North Wacker Drive, Suite 4500
Chicago, IL 60606
(312) 416-6200
bdelgobbo@bakerlaw.com