**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ARNOLD STEIN and DIANE MILLER, *individually and on behalf of all others similarly situated*,<br><br>Plaintiffs,<br>v.<br><br>EDWARD-ELMHURST HEALTH,<br><br>Defendant. | Case No. 1:23-cv-14515<br><br>Judge Steven C. Seeger |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S
NOTICE OF SUPPLEMENTAL AUTHORITY**

Edward-Elmhurst Health's Notice of Supplemental Authority brings to this Court's attention a recent decision—*Goulart v. Cape Cod Healthcare, Inc.*—from the District of Massachusetts in which a court dismissed plaintiffs' Electronic Communications Privacy Act ("ECPA") claim in a similar pixel-tracking case. *See* ECF No. 61 (citing 2025 WL 1745732 (D. Mass. June 24, 2025)). There, the court injected a *mens rea* requirement into the ECPA to conclude that plaintiffs failed "to plausibly allege that [the] 'primary motivation' or 'determinative factor' in disclosing plaintiffs' personal health information . . . was for the purpose of committing a criminal violation or tort, as opposed to commercial gain or convenience." *Id.* at *3.

1. As noted by this Court in thoroughly analyzing the plausibility of Plaintiffs' ECPA claim in this case, inserting a financial motivation into the ECPA is "difficult to square with the statutory text. The language of the statute gives no hint that conduct falls outside the reach of the statute if a person acted based on financial motivations." *Stein v. Edward-Elmhurst Health*, 2025 WL 580556, at *5-6 (N.D. Ill. Feb. 21, 2025) (noting that "[t]he placement of 'criminal or tortious'

is telling. That phrase modifies 'act,' not 'purpose.' The statute does not require a 'criminal or tortious purpose.' It requires a purpose of committing an act – an act that is criminal or tortious").

2. As this Court recognized, "the existence of a financial motivation is not a get-out-of-liability-free card" and thus the ECPA "does not exclude conduct simply because someone acted with a financial purpose." *Id.* at *6 (denying motion to dismiss ECPA claim; explaining "[h]ere, the complaint alleges that [Defendant] disclosed Plaintiffs' health information to a third party in violation of 42 U.S.C. § 1320d-6(a)(3). That's enough to get around the ECPA's one-party consent rule, because the crime-tort exception applies.").

3. While it should not need repeating or explaining further, all health companies—other than perhaps those seeking to escape judicial review of their unlawful use of tracking technologies to collect and to disclose their patients' protected health information to third party AdTech giants such as Facebook and Google—know that:

> The existence of a financial motivation (on the one hand) and a criminal or tortious motivation (on the other hand) ***are not mutually exclusive***. After all, lots of crimes and torts are money-makers. Crime pays (until it doesn't), and lots of torts are good for the bottom line, too. The annals of history are chock-full of villains who have a financial motivation – Madoff, Dr. Evil, and Al Capone, to name a few.

*Id.* (emphasis added) (stating that the "language of the statute gives no hint that conduct falls outside the reach of the statute if a person acted based on financial motivations; "[a] party does not have to say, in effect, "I want to commit a crime," or "today is a great day to commit a tort.").

4. Similarly, and as stated by Judge Perry in *Mayer v. Midwest Physician Administrative Services, LLC*, "[p]rotected health information has monetary value; it is no defense to a HIPAA charge that one violated HIPAA only because they wanted to make money by doing so." 2025 WL 963779, at *3 (N.D. Ill. Mar. 31, 2025).

5. Or put another way, "[w]hen statutes speak in terms of an illicit 'purpose,' the fact that there may also have been some legitimate reason motivating the defendant's conduct does 'not sanitize the illegitimate one.'" *Id.* (citing *Stein*, 2025 WL 580556, at *4-5 & *Kurowski v. Rush Sys. for Health*, 2023 WL 8544084, at *3 (N.D. Ill. Dec. 11, 2023)) (collecting additional cases).

6. Finally, while the recent *Pattison v. Teladoc Health, Inc.* decision is informative and in accord with Illinois jurisprudence analyzing the ECPA, neither it nor *Goulart* "support[] certifying the question to the Seventh Circuit for immediate appellate review." *Compare* ECF 61, *with* 2025 WL 1756364, at *3 (S.D.N.Y. June 25, 2025) (denying motion to dismiss ECPA claim in pixel tracking case & collecting cases finding that a purpose of financial gain is sufficient to invoke the crime-tort exception), and ECF No. 60, Plaintiffs' Response to Defendant's Motion for Reconsideration (April 25, 2025), at 8-15.

Date: July 9, 2025

Respectfully submitted,

By: /s/ *David S. Almeida*

**ALMEIDA LAW GROUP LLC**
David S. Almeida (ARDC 6285557)
Britany A. Kabakov (ARDC 6336126)
849 W. Webster Avenue
Chicago, Illinois 60614
(708) 529-5418
david@almeidalawgroup.com
britany@almeidalawgroup.com

**STEPHAN ZOURAS, LLC**
James B. Zouras
Ryan F. Stephan
Teresa M. Becvar
Michael J. Casas
222 W. Adams St, Suite 2020
Chicago, Illinois 60606
312.233.1550
312.233.1560 *f*
jzouras@stephanzouras.com

rstephan@stephanzouras.com
tbecvar@stephanzouras.com
mcasas@stephanzouras.com

*Attorneys for Plaintiffs & the Putative Class*

## CERTIFICATE OF SERVICE

I, the attorney, hereby certify that on July 9, 2025, I filed the attached with the Clerk of the Court using the Court's electronic filing system which will send such filing to all attorneys of record.

*/s/ David S. Almeida*