**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ARNOLD STEIN and DIANE MILLER, *individually and on behalf of all others similarly situated*,<br><br>Plaintiffs,<br>v.<br><br>EDWARD-ELMHURST HEALTH,<br><br>Defendant. | Case No. 1:23-cv-14515<br><br>Judge Steven C. Seeger |

**NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs Arnold Stein and Diane Miller respectfully submit this notice of supplemental authority to call this Court's attention to a recent decision from Judge Tigar out of the United States District Court for the Northern District of California, *Riganian v. LiveRamp Holdings, Inc.*, No. 25-CV-00824-JST, 2025 WL 2021802 (N.D. Cal. July 18, 2025), attached as **Exhibit A**.

In *Riganian*, plaintiffs brought a class action lawsuit challenging LiveRamp's acquisition of "vast quantities of their personal, online, and offline activities to build detailed 'identity profiles' on them for sale to third parties." *Id.* at *1. LiveRamp moved to dismiss plaintiffs' claim under the Electronic Communications Privacy Act ("ECPA" or the "Wiretap Act") because it contended that the one-party consent rule applied. *Id.* at *9. In opposition, Plaintiffs "respond[ed] that any consent is nullified by the Act's crime-tort exception." *Id.* (citing 18 U.S.C. § 2511(2)(d) (stating that there is a Wiretap Act violation even with consent if the "communication is intercepted for the purpose of committing any criminal or tortious act in violation of the Constitution or laws of the United States or of any State").

In denying LiveRamp's request for dismissal of the ECPA claim, the Court concluded that "[t]he crux of the parties' disagreement on this claim thus centers on whether the crime-tort exception applies []." In so doing, Judge Tigar considered and rejected LiveRamp's argument—likewise advanced by Edward-Elmhurst in this case—that a defendant cannot possibly violate the law if it also wanted to make money:

> Unlike the *DoubleClick* court and the courts that have followed it, this Court is not persuaded that commercially exploiting unlawfully obtained information is 'licit' merely because it is profitable. Put simply, committing a tort and seeking a profit are not mutually exclusive (if anything, the latter is often the reason for the former). Thus, if Plaintiffs ultimately prove that LiveRamp unlawfully intercepted, packaged, and sold personal information without consent at scale, that conduct will not be excused on the grounds that LiveRamp acted in pursuit of profit.

*Id.* at *9.

*Riganian* is relevant to this Court's consideration of Defendant's motion to reconsider because, there, the Court rightfully declined to adopt any "bright-line rule insulating financial motives from the crime-tort exception." *Id.* at *10. In so doing, the *Riganian* Court noted that "[o]ther cases have come to the same conclusion." *Id.* at * 9 (citing *R.S. v. Prime Healthcare Servs., Inc.*, No. 5:24-CV-00330-ODW (SPX), 2025 WL 103488, at *7 (C.D. Cal. Jan. 13, 2025) ("Under Prime Healthcare's reading, the ECPA would not prohibit a person from intercepting a communication with the intent to use that communication to blackmail so long as the ultimate reason for the blackmail was to make money.... Of course, this is often the end goal for blackmail.... Under Prime Healthcare's reading, blackmail would rarely, if ever, violate the ECPA. This cannot be the case."); *Stein v. Edward-Elmhurst Health*, No. 23-CV-14515, 2025 WL 580556, at *6 (N.D. Ill. Feb. 21, 2025) (explaining that "it would be odd to exclude an otherwise criminal or tortious act solely because it was also motivated by financial gain. The existence of an underlying financial

motivation does not mean that the act lacked a criminal or a tortious purpose. That's like saying that a bank robber's purpose was not to commit a crime—it was to make money.”).

For these reasons, as well as those set forth in Plaintiffs’ Opposition Memorandum, ECF No. 60, Edward-Elmhurst’s Motion for Reconsideration or for Interlocutory Appeal should be denied in its entirety.

Date: July 23, 2025

Respectfully submitted,

By: */s/ David S. Almeida*

**ALMEIDA LAW GROUP LLC**
David S. Almeida (ARDC 6285557)
Britany A. Kabakov (ARDC 6336126)
849 W. Webster Avenue
Chicago, Illinois 60614
(708) 529-5418
david@almeidalawgroup.com
britany@almeidalawgroup.com

**STEPHAN ZOURAS, LLC**
James B. Zouras
Ryan F. Stephan
Teresa M. Becvar
Michael J. Casas
222 W. Adams St, Suite 2020
Chicago, Illinois 60606
312.233.1550
312.233.1560 *f*
jzouras@stephanzouras.com
rstephan@stephanzouras.com
tbecvar@stephanzouras.com
mcasas@stephanzouras.com

*Attorneys for Plaintiffs & the Putative Class*

**CERTIFICATE OF SERVICE**

I, the attorney, hereby certify that on July 23, 2025, I filed the attached with the Clerk of the Court using the Court's electronic filing system which will send such filing to all attorneys of record.

*/s/ David S. Almeida*