**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| ARNOLD STEIN and DIANE MILLER<br>*Individually and on behalf of all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>EDWARD-ELMHURST HEALTH,<br><br>Defendant. | Case No. 1:23-cv-14515<br><br>The Honorable Steven C. Seeger, Judge<br><br>**RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY** |

Defendant Edward-Elmhurst Health respectfully submits this brief response to plaintiffs' notice of supplemental authority on *Riganian v. LiveRamp Holdings, Inc.*, --- F. Supp. 3d ----, 2025 WL 2021802, at *9-10 (N.D. Cal. July 18, 2025), to make the following points:

***First***, Edward-Elmhurst again agrees with this Court and with the *LiveRamp* court that a financial motivation does not automatically insulate a defendant from application of the tortious or criminal conduct exception. (Dkt. # 57, Memo. in Supp. at pg. 8.)

Edward-Elmhurst does not read the decision in *In re DoubleClick* as supporting this broad proposition, however. The *DoubleClick* court analyzed the relevant legislative history, which included recordings made for financial but nonetheless illicit purposes. *See In re DoubleClick Inc. Privacy Litig.*, 154 F. Supp. 2d 497, 515 (S.D.N.Y. 2001) ("Senator Phillip Hart objected that the exemption was too permissive because it conceivably allowed a party to intercept a communication for the purpose of breaking the law or injuring others. He feared that parties would use secret recordings for 'insidious purposes such as *blackmail*, *stealing business secrets*, or other criminal or tortious acts in violation of Federal or State laws.'") (emphasis added, quoting 2 U.S. Code Cong. & Ad. News, 90th Cong., 2d Sess., p. 2236 (1968)).

***Second***, the disagreement lies over whether a purpose to use information to engage in digital marketing as a matter of law could rise to the type of purposeful, "intent to harm" conduct contemplated by the tortious or criminal conduct exception. (Dkt. # 57, Mem. in Supp. at pg. 1 (citing *By-Prod Corp. v. Armen-Berry Co.*, 668 F.2d 956, 960 (7th Cir. 1982); *Thomas v. Pearl*, 998 F.2d 447, 451 (7th Cir. 1993); *Desnick v. Am. Broad. Cos., Inc.*, 44 F.3d 1345, 1353 (7th Cir. 1995); *In re High Fructose Corn Syrup Antitrust Litig.*, 216 F.3d 621, 624 (7th Cir. 2000)).)

This is where Edward-Elmhurst parts ways with *LiveRamp* and with this Court. Edward-Elmhurst agrees with those cases holding that allegations of alleged interceptions in connection with digital marketing on public websites fall outside the scope of the exception as a matter of law. (Dkt. # 57, Mem. in Supp. at pgs. 3, 9 (collecting cases); Dkt. # 59 (*Genesis Health*); Dkt. # 61 (*Cape Cod Healthcare*).)

This result is supported by the HIPAA regulations themselves, which recognize different types of rules for different types of alleged financial disclosures, including marketing. *Compare* 45 C.F.R. § 164.508(a)(3) (generally allowing for marketing disclosures with authorization), *with* 45 C.F.R. § 164.514(f)(1) (generally allowing fundraising disclosures for a certain subset of protected health information even without authorization).)

Notably, another decision from the Central District of Illinois again refused to apply the exception to cover digital marketing conduct as a matter of law on a Rule 12(b)(6) motion. *Doe v. Chestnut Health Systems, Inc.*, 2025 WL 1616635, at *12 (C.D. Ill. June 6, 2025) (Hawley, J.) (attached as Exhibit A; refusing to apply the exception where plaintiffs alleged "that the Defendant shared the information with third parties 'for the purpose of creating targeted online advertisements and enhanced marketing services', not tortious or criminal conduct").)

***Third***, and finally, Edward-Elmhurst respectfully submits the decision in *LiveRamp* further shows the disagreement in the case law making section 1292(b) certification appropriate. This is an important and contested question of law where district courts, including within this Circuit, have disagreed. This divergence in decisions has substantial ramifications for defendants in the cases. These defendants are either facing a punitive claim for statutory penalties under federal law or not. *See* 18 U.S.C. § 2520(c)(2)(B) (authorizing "statutory damages of whichever is the greater of $100 a day for each of violation or $10,000").)

The Seventh Circuit has repeatedly accepted section 1292(b) appeals under similar circumstances. (Dkt. # 57, Mem. in Supp. at pgs. 10-11.) Edward-Elmhurst respectfully submits the Court should provide the Seventh Circuit with the opportunity to decide whether the appellate court wants to take the same step here, particularly given the important policy implications nationwide over application of the federal Wiretap Act to the public Internet.

Dated: July 28, 2025

Respectfully submitted,

By: /s/ David Carney

Daivd Carney
BAKER & HOSTETLER LLP
127 Public Square, Suite 2000
Cleveland, Ohio 44114
(216) 861-7634
dcarney@bakerlaw.com

Bonnie Keane DelGobbo
BAKER & HOSTETLER LLP
One North Wacker Drive, Suite 4500
Chicago, Illinois 60606
(312) 416-6200
bdelgobbo@bakerlaw.com

*Counsel for Defendant Edward-Elmhurst Health*