**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| ARNOLD STEIN and DIANE MILLER, *Individually and on behalf of all others Similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>EDWARD-ELMHURST HEALTH,<br><br>Defendant. | Case No. 1:23-cv-14515<br><br>The Honorable Steven C. Seeger, Judge<br><br>**NOTICE OF SUPPLEMENTAL AUTHORITY** |

Defendant Edward-Elmhurst Health respectfully submits the following supplemental authority to the Court in support of Edward-Elmhurst's motion for reconsideration or in the alternative for section 1292(b) interlocutory appeal: *Jane Doe v. Lawrence General Hospital*, Case No. 25-cv-10081-NMG, Rep. & Rec. Aug. 29, 2025 (D. Mass., Levenson, U.S.M.J.).

Over an exhaustive opinion, Magistrate Judge Levenson extensively detailed the ongoing legal dispute over the scope of the tortious and criminal conduct exception as applied to alleged website privacy claims against healthcare providers. (Ex. A, *Rep. & Rec.* at pgs. 14-39.) Ultimately, the Court recommended dismissing the plaintiffs' federal Wiretap Act claim as a matter of law under Rule 12(b)(6), and remanding the remainder of the state law claims to state court, because "[t]he factual allegations of the Complaint fail to plausibly suggest that LGH had any criminal or tortious purpose in utilizing the web tracking tools." (*Id.* at 13.)

As the Court explained: "Alleging that a website operator knowingly made a disclosure of IIHI – by using tracking tools that would permit third parties to receive such information – may suffice to allege a violation of HIPAA." (*Id.* at 30.) "But this does not address the 'for the purpose' element in ECPA." (*Id.*) "The mere fact that a website operator may be said to have 'knowingly'

disclosed IIHI, does not plausibly support an inference that the making of such disclosures was the website operator's 'purpose.'" (*Id.*)

In reaching this result, the Court took issue with certain of the analysis from this Court's prior opinion on the Wiretap Act. Specifically, the Court stated as follows:

> These decisions also give short shrift to ECPA's heightened intent standard, which requires that acts be done 'for the purpose' of committing a crime or tort. For instance, *Stein v. Edward-Elmhurst Health* bypassed the separation analysis by employing an analogy to jaywalking. No. 23-CV-14515, 2025 WL 580556, at *4 (N.D. Ill. Feb. 21, 2025) (comparing jay walking on the way to rob a bank with jay walking on the way to greet a friend). The court there held: 'A disclosure that violates HIPAA is a violation of law that is independent of a violation of the ECPA. That's enough to conclude that the crime-tort exception applies.' *Id.* The jaywalking analogy ignores, however, that even though ECPA and HIPAA violations are two different crimes, they may involve a single instantaneous act. To extend *Stein*'s analogy, this is not a case of someone jaywalking with the intention of later doing something else (be it criminal or benign); in this case we would be prosecuting someone for jaywalking 'for the purpose of disobeying traffic signals,' an oxymoron. By such logic, everyone who disclosed their own communications without permission from the other party could be prosecuted under ECPA, if doing so violated a state's two-party consent law.

(*Id.* at pgs. 24-25; *compare id.* at pg. 39 (likewise noting "there is language in the *Kurowski* decision that could be read as conflating the general intent requirement of HIPAA ('knowingly') with the heightened intent standard in ECPA ('for the purpose')").

As has been argued, Edward-Elmhurst does not believe that the Court's jaywalking analogy is the problem in this case. The jaywalking analogy correctly recognizes that what matters for purposes of applying the exception is the defendant's alleged purpose. The jaywalking analogy is further consistent with Magistrate Judge Levenson's overall analysis in *Lawrence General* (and the Seventh Circuit's opinion in *Desnick*), which recognize that the entirety of the analysis for applying the exception should focus on the defendant's alleged purpose in taking the action, not whether or not that action ultimately may be shown to have violated some law.

The problem in the Court's prior opinion is the Court's changing lanes hypothetical. That would collapse the exception, by focusing on a singular act, irrespective of the defendant's alleged purpose for taking the act. It is this holding that should be reconsidered and corrected by the Court, in reaching the correct result in this case: plaintiffs' alleged Wiretap Act claim fails as a matter of law under Rule 12(b)(6), because plaintiffs allege Edward-Elmhurst's sole purpose was to engage in digital marketing, and a purpose to engage in digital marketing is not criminal or tortious, even if the means that the defendants used to engage in that marketing may ultimately be shown to have crossed the line to have violated some state or federal law, including HIPAA itself.

A copy of the *Lawrence General* decision is attached as Exhibit A.

Dated: September 3, 2025

Respectfully Submitted,

By: */s/ David Carney*

David Carney
BAKER & HOSTETLER LLP
127 Public Square, Suite 2000
Cleveland, OH 44114
Tel: (216) 621-0200
Email: dcarney@bakerlaw.com

Bonnie Keane DelGobbo
BAKER & HOSTETLER LLP
One North Wacker Drive, Suite 4500
Chicago, IL 60606
Tel: (312) 416-6200
Email: bdelgobbo@bakerlaw.com

*Counsel for Defendant*
*Edward-Elmhurst Health*