**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION**

| | | |
|---|---|---|
| ARNOLD STEIN and DIANE MILLER, *individually and on behalf of all others similarly situated*, | ) | Case No. 23-cv-14515 |
| Plaintiffs, | ) | |
| v. | ) | The Honorable Steven C. Seeger, United States District Judge |
| EDWARD-ELMHURST HEALTH, | ) | **NOTICE OF ADDITIONAL AUTHORITY** |
| Defendant. | ) | |

Over the course of the past week three additional Illinois federal courts have addressed the same federal Wiretap Act questions pending before this Court in more website privacy cases brought against not-for-profit healthcare providers located in Illinois under federal law. *Doe v. Deaconess Ill. Union Cty. Hosp., Inc.*, 2025 WL 2771415, at *8-11 (S.D. Ill. Sept. 29, 2025); *Juenger v. Deaconess Health Sys., Inc.*, 2025 WL 2780221, at *8-9 (S.D. Ill. Sept. 30, 2025); *Hartley v. University of Chicago Med. Ctr.*, 2025 WL 2802317, at *3-9 (N.D. Ill. Oct. 1, 2025).

In each case the courts allowed a federal Wiretap Act claim to survive past a Rule 12(b)(6) motion to dismiss based on alleged HIPAA violations. *See Hartley*, 2025 WL 2802317, at *9 ("[a] disclosure that violates HIPAA is a violation of law that is independent of a violation of the ECPA") (quoting *Stein v. Edward-Elmhurst Health*, 2025 WL 580556, at *4-5 (N.D. Ill. Feb. 21, 2025)); *Doe*, 2025 WL 2771415, at *11; *Juenger*, 2025 WL 2780221, at *9 (both same).

Judge Rosenthal, writing for the Southern District of Texas, disagreed with this analysis. *See Sweat v. Houston Methodist Hosp.*, 2025 WL 2697111, at *4-5 (S.D. Tex. Sept. 22, 2025). Judge Rosenthal stated the issue as follows: "Although the parties largely frame the inquiry as whether there is a triable fact issue necessary to determine whether Methodist violated HIPAA, the

threshold issue is not whether Methodist violated HIPAA, but whether it acted with a *purpose* of violating HIPAA." *Id.* at *5 (emphasis in original). "Under section 2511, 'the focus is not upon whether the interception itself violated another law; it is upon whether the *purpose* for the interception—its intended use—was criminal or tortious." *Id.* (quoting *Sussman v. Am. Broadcasting Cos., Inc.*, 186 F.3d 1200, 1202 (9th Cir. 1999) (emphasis in original)).

This decision is contrary to this Court's analysis of this same question. *Cf. Stein*, 2025 WL 580556, at *6 ("the complaint alleges that EEH disclosed Plaintiffs' health information to a third party in violation of 42 U.S.C. § 1320d-6(a)(3)," and "[t]hat's enough to get around the ECPA's one-party consent rule, because the crime-tort exception applies"), *with Sweat*, 2025 WL 2697111, at *7 ("the legislative record suggests that the element of 'tortious' or 'criminal' *mens rea* is required to establish a prohibited purpose under § 2511(2)(d)") (quoting *In re DoubleClick Inc. Priv. Litig.*, 154 F. Supp. 2d 497, 515 (S.D.N.Y. 2001)).

Plaintiffs may argue the *Sweat* decision was on summary judgment. The whole of the issue, however, is a question of law as to the scope of the tortious or criminal conduct exception, and how the exception should be applied to these digital marketing website privacy cases against health care providers, including most prominently based on alleged legal violations of a different federal statute, HIPAA. To the extent this case goes to summary judgment, the same basic question would remain.

Edward-Elmhurst respectfully submits that, one way or the other, this legal question is calling out for the Seventh Circuit's immediate review in this case here.

A copy of the *Sweat* decision against Houston Methodist Hospital is attached as Exhibit A to this filing.

Dated: October 7, 2025

Respectfully submitted,

By: */s/ David Carney*

Bonnie Keane DelGobbo
BAKER & HOSTETLER LLP
One North Wacker Drive, Suite 4500
Chicago, IL 60606
Tel: (312) 416-6200
Email: bdelgobbo@bakerlaw.com

David Carney
BAKER & HOSTETLER LLP
127 Public Square, Suite 2000
Cleveland, OH 44114
Tel: (216) 621-0200
Email: dcarney@bakerlaw.com

*Counsel for defendant Edward-Elmhurst Health*