**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ARNOLD STEIN and DIANE MILLER, *individually and on behalf of all others similarly situated*,<br><br>Plaintiffs,<br>v.<br><br>EDWARD-ELMHURST HEALTH,<br><br>Defendant. | Case No. 23-cv-14515<br>Judge Steven C. Seeger |

**NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs Arnold Stein and Diane Miller respectfully submit this Notice of Supplemental Authority to call this Court's attention to two recent decisions that further support their Opposition to Defendant's Motion to Reconsideration or for Interlocutory Appeal. (Dkt. No. 60): *Vriezen et al. v. Infinite Health Collaborative P.A.*, No. 24-CV-3743, Dkt. No. 48 (D. Minn. Sept. 30, 2025) (attached as **Exhibit A**), and *Harley v. Univ. of Chicago Med. Ctr.*, No. 22 CV 5891, 2025 WL 2802317 (N.D. Ill. Oct. 1, 2025) (attached as **Exhibit B)**.

Each decision denied a motion to dismiss claims under the Electronic Communications Privacy Act ("ECPA") arising from a healthcare provider's use of online tracking tools, as alleged here. In doing so, each court rejected the same "crime-tort exception" argument that Defendant advances it its Motion for Reconsideration.

In *Vriezen*, the court rejected Edward-Elmhurst's position that the crime-tort exception to the ECPA cannot apply to a hospital's interception and disclosure of patient healthcare communications merely because the hospital's "purpose" was to make money. In accordance with this Court's ruling, the *Vriezen* court correctly recognized that a violation under the exception occurs when an interception is made "for the purpose of committing a criminal or tortious act" that

is "independent of the… unlawful interception" with an "intent to use that interception against the non-consenting party in some harmful way." Ex. A. at 19-20 (internal citations omitted). Applying this framework, the court squarely held "Plaintiffs allege that [the hospital] intercepted their electronic communications for the purpose of violating HIPAA by collecting and disclosing their PHI without consent, thereby invading their privacy…Plaintiffs adequately allege a tortious purpose." *Id.* at 18-19. Likewise, the court held the hospital's intentional decision to disclose its patients' health data to third parties is an independent tortious act, separate from the act of recording. *Id.* at 19-20.

The court found these allegations sufficient to state a claim under the ECPA, explaining that other decisions "have found that plaintiffs plausibly alleged the crime-tort exception based on HIPAA violations and an invasion of privacy arising out of the alleged interception," including cases where the interception "was motivated by 'marketing and revenue generation,' which was a HIPAA violation and an invasion of privacy." *Id.* at 18 (quoting *In re Grp. Health Plan Litig.*, 709 F. Supp. 3d 707, 719 (D. Minn. 2023)). In short, *Vriezen* recognizes that the pursuit of profit does not neutralize an otherwise unlawful purpose.

Likewise, in *Hartley*, Judge Alexakis rejected the hospital defendant's argument that it lacked a criminal or tortious purpose when it disclosed patient communications because it did not intend to violate HIPAA, the same argument advanced by Edward-Elmhurst. *Hartley*, 2025 WL 2802317, at *9. As in this case, the underlying alleged HIPAA violation that triggers the crime-tort exception "requires the defendant to 'knowingly' disclose individually identifiable health information." *Id.*; *see* 42 U.S.C. § 1320d-6(a)(3); Dkt. 31 at ¶ 353. As the court explained:

> But under HIPAA's "knowingly" requirement, "the defendant need only know that he obtained [or disclosed] individually identifiable health information relating to an individual." *United States v. Huping Zhou*, 678 F.3d 1110, 1115 (9th Cir. 2012). In other words, it "merely requires proof of knowledge of the facts that constitute

> the offense, not a culpable state of mind or knowledge of the law." *Id.* at 1114 (quoting *Dixon v. United States*, 548 U.S. 1, 5 (2006))

*Hartley*, 2025 WL 2802317, at *9.

The *Hartley* court found the plaintiff's allegations that the hospital intentionally installed tracking tools to disclose "website-use data to Meta for analysis and commercial use" supported "the reasonable inference that [the hospital] 'knowingly… disclose[d]' [plaintiff's] individually identifiable health information to another person." *Id.* (quoting 42 U.S.C. § 1320d-6(a)(3)). As a result, Judge Alexakis ruled the plaintiff had plausibly alleged that the hospital intentionally intercepted her communications "for the purpose of committing a criminal… act in violation of HIPAA." *Id.* (internal citations omitted).

Both decisions reinforce that a healthcare provider cannot avoid the crime-tort exception by characterizing its HIPAA violations as mere "marketing." Whether Plaintiffs allege Edward-Elmhurst had a culpable state of mind when it chose to violate HIPAA is irrelevant. What matters is whether Defendant had "a purpose of committing an act – an act that is criminal or tortious." *Stein v. Edward-Elmhurst*, No. 23-CV-14515, 2025 WL 580556, at *6 (N.D. Ill. Feb. 21, 2025). Here, Plaintiffs plausibly allege that Edward-Elmhurst knowingly violated HIPAA by intentionally installing tracking tools that disclosed their protected health information to Meta for commercial profit. Thus, the crime-tort exception to the ECPA applies and Edward-Elmhurst's Motion for Reconsideration or for Interlocutory Appeal should be denied in its entirety.

Date: October 31, 2025

Respectfully submitted,

<u>/s/ *Michael J. Casas*</u>
**STEPHAN ZOURAS, LLC**
James B. Zouras
Ryan F. Stephan
Teresa M. Becvar
Michael Casas
222 W. Adams St, Suite 2020

Chicago, Illinois 60606
312.233.1550
312.233.1560 *f*
jzouras@stephanzouras.com
rstephan@stephanzouras.com
tbecvar@stephanzouras.com
mcasas@stephanzouras.com

**ALMEIDA LAW GROUP LLC**
David S. Almeida (ARDC 6285557)
Britany A. Kabakov (ARDC 6336126)
849 W. Webster Avenue
Chicago, Illinois 60614
(312) 576-3024
david@almeidalawgroup.com
britany@almeidalawgroup.com

*Attorneys for Plaintiffs & the Putative Class*

## CERTIFICATE OF SERVICE

I, the undersigned attorney, hereby certify that on October 31, 2025, I filed the attached with the Clerk of the Court using the electronic filing system which will send such filing to all attorneys or record.

/s/ *Michael J. Casas*