**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION**

| | | |
|---|---|---|
| ARNOLD STEIN and DIANE MILLER, *individually and on behalf of all others similarly situated*, | ) | Case No. 23-cv-14515 |
| Plaintiffs, | ) | |
| v. | ) | The Honorable Steven C. Seeger, United States District Judge |
| EDWARD-ELMHURST HEALTH, | ) | **RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY** |
| Defendant. | ) | |

The parties have gone back and forth on submitting notices of supplemental authority to the Court, most recently with plaintiffs on *Vriezen et al. v. Infinite Health Collaborative P.A.*, No. 24-cv-3743, Dkt. No. 48 (D. Minn. September 30, 2025) and *Hartley v. Univ. of Chicago Med. Ctr.*, No 22 CV 5891, 2025 WL 2802317 (N.D. Ill. Oct. 1, 2025) (*previously cited* Dkt. # 66, *Notice of add'l authority*, at pg. 1).

These notices show why the question before the Court calls out to be sent, in one way or another, to the Seventh Circuit for immediate appellate review. Virtually every healthcare provider in the nation (six in Chicago alone) has now been sued for alleged felony criminal violations of a statute that was first enacted in 1968, subsequently amended in 1986, and never amended since to deal with any alleged problem of consumer internet privacy. Moreover, the federal statute that is the basis for this claimed application of the Wiretap Act—the Health Insurance Portability and Accountability Act of 1996—does not create a private right of action; instead, Congress intended for the statute to be enforced by the Department of Health & Human Services and the States Attorneys' General only. *See* 42 U.S.C. § 1320d-5(a)(1) & (d)(1).

Under these circumstances, why are we allowing for a federal private right of action under the Wiretap Act for punitive statutory penalties under HIPAA based on alleged internet privacy violations, where there is no Congressional support for this result? To the extent the Court believes the text requires this result, many other courts have taken a look at this same text and reached a contrary decision. (Dkt. # 57-3, Memo. in Supp. 3, 9 (collecting cases); Dkt. # 59, Not. 1; Dkt. # 61, Not. 1-2; Dkt. # 65-1, at 29-30; Dkt. # 66, Not. 1-2.)

The Court should grant Edward-Elmhurst's motion for reconsideration or in the alternative for interlocutory appeal. *Cf.* Ex. A, *John Doe v. Gundersen Health Sys.*, No. 2023CV000409, Dec. & Ord., at pgs. 14-16 (La Crosse Cty., Wisc., Nov. 4, 2025) (refusing to apply the tortious or criminal conduct exception to the same basic claim under the Wisconsin state wiretapping statute; "Marketing would not relate to a 'purpose' of committing a crime or tortious act.").

Dated: November 7, 2025

Respectfully submitted,

By: /s/ David Carney

David Carney
BAKER & HOSTETLER LLP
127 Public Square, Suite 2000
Cleveland, OH 44114
Tel: (216) 621-0200
Email: dcarney@bakerlaw.com

Bonnie Keane DelGobbo
BAKER & HOSTETLER LLP
One North Wacker Drive, Suite 4500
Chicago, IL 60606
Tel: (312) 416-6200
Email: bdelgobbo@bakerlaw.com

*Counsel for defendant Edward-Elmhurst Health*