**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| ARNOLD STEIN and DIANE MILLER, *Individually and on behalf of all others Similarly situated*, Plaintiffs, | Case No. 1:23-cv-14515 |
| v. | The Honorable Steven C. Seeger, Judge |
| EDWARD-ELMHURST HEALTH, Defendant. | **NOTICE OF ADDITIONAL AUTHORITY & PENDING APPEAL** |

Defendant Edward-Elmhurst Health respectfully submits this notice to the Court: 1) to apprise the Court of the recent decision in *Jane Doe v. Talkiatry Management Services, LLC*, --- F. Supp. 3d ----, 2026 WL 206483, at *3-4 (C.D. Cal. Jan. 22, 2026) (Sykes, J.) (dismissing a federal Wiretap Act claim without leave to amend); and 2) to apprise the Court of the *Debra Goulart v. Cape Cod Healthcare, Inc.* appeal, presently pending in the United States Court of Appeals for the First Circuit and now fully briefed, analyzing the same basic federal Wiretap Act claim against a healthcare provider that plaintiffs purport to assert against defendant Edward-Elmhurst here.

**1.** ***Talkiatry Management Services*:** In this case attached as Exhibit A the Central District of California dismissed a federal Wiretap Act claim without leave to amend under the tortious or criminal conduct exception notwithstanding allegations that the defendant had also violated HIPAA. *See id.* at *2 ("Plaintiff insists that the [Second Amended Complaint] adequately alleges Defendant acted with the purpose to violate the Health Insurance Portability and Accountability Act ('HIPAA'); thus, the Opposition asserts that the crime-tort exception applies.").

The court rejected this argument: "The conduct at issue here is not *per se* unlawful. HIPAA, as the SAC alleges, allows regulated organizations to 'use third-party tracking tools, such as the Meta Pixel, in a limited way, to perform analysis on key data operations.' [SAC ¶ 91.] Moreover,

other district courts have found that mere collection of personal information for market research and advertising was not for the purpose of committing a crime or tort. *See e.g., Doe v. Kaiser Found. Health Plan, Inc.*, No. 23-CV-02865-EMC, 2024 WL 1589982 at *10 (N.D. Cal. Apr. 11, 2024); *Okash v. Essentia Health*, No. 23-482 (JRT/LIB), 2024 WL 1285779 at *4-5 (D. Minn. Mar. 26, 2024))."

The court thus held: "Accordingly, the SAC does not adequately allege Defendant's purpose to commit an independent criminal or tortious act to overcome the party exemption to ECPA liability." *Id.*; *see also id.* ("Defendant installed Meta for the purpose of advertising.").

**2. *The Goulart v. Cape Cod Healthcare appeal*:** Edward-Elmhurst previously submitted the case of *Goulart v. Cape Cod Healthcare, Inc.*, 2025 WL 1745732, at *2-4 (D. Mass. June 24, 2025) as supplemental authority in support of its motion for reconsideration or in the alternative for interlocutory appeal. (Dkt. # 61, *Notice*.)

The *Goulart* plaintiff appealed the case to the First Circuit and as of yesterday the appeal is now fully briefed and awaiting a date for oral argument. The Chamber of Commerce, the American Hospital Association, the Hospital Association of Rhode Island, the Maine Hospital Association, the Massachusetts Health and Hospital Association, the New Hampshire Hospital Association and the Greater Boston Chamber of Commerce have all supported defendant Cape Cod Healthcare as amici in supporting affirmance of the district court's judgment. (*See Debra Goulart et al. v. Cape Cod Healthcare, Inc.*, No. 25-1672 (1st. Cir.), 1/20/26 docket entries (amicus curiae briefs filed by Chamber of Commerce and the hospital associations) & 2/2/26 docket entry (amicus curiae brief filed by Greater Boston Chamber of Commerce).)

Edward-Elmhurst respectfully submits that the participation of these amici in support of defendant Cape Cod Healthcare shows the importance of this legal question to healthcare providers

and thus also the importance of allowing the Seventh Circuit to likewise review the question now whether by granting Edward-Elmhurst's motion for reconsideration or by certifying the issue for interlocutory appeal under 28 U.S.C. § 1292(b).

The undersigned counsel remain available to discuss this matter further at the convenience of the Court.

Dated: February 3, 2026

This filing is respectfully submitted by:

By: */s/ David Carney*

David Carney
BAKER & HOSTETLER LLP
127 Public Square, Suite 2000
Cleveland, OH 44114
Tel: (216) 621-0200
Email: dcarney@bakerlaw.com

Bonnie Keane DelGobbo
BAKER & HOSTETLER LLP
One North Wacker Drive, Suite 4500
Chicago, IL 60606
Tel: (312) 416-6200
Email: bdelgobbo@bakerlaw.com

*As counsel for Defendant*
*Edward-Elmhurst Health*